**Alexandria**

## JOSE EDUARDO RABEIRO

v.

## COMMONWEALTH OF VIRGINIA

No. 1461-87-4

Decided March 20, 1990

COUNSEL

Randall M. Reves, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—The defendant, Jose Rabeiro, was convicted of distribution of cocaine in violation of Code § 18.2-248, and was sentenced to five years in the penitentiary and fined $10,000. On appeal, Rabeiro asserts that the trial court erred by admitting into evidence testimony of an undercover police officer, which included hearsay evidence that implicated Rabeiro in the distribution of the cocaine. The officer testified about his efforts to purchase cocaine from Fernando Cardoza, during which transaction Cardoza implicated Rabeiro as his source for the cocaine. The officer testified that Cardoza told him, in effect, that he was selling the cocaine in association with Rabeiro, or at Rabeiro's direction. The trial court

ruled the statement was admissible in evidence under the co-conspirator exception to the hearsay rule.

Rabeiro argues that the trial court erred in holding the co-conspirator exception applicable because the evidence apart from the hearsay evidence was insufficient to make out a *prima facie* case of conspiracy between Rabeiro and Cardoza which, he argues, is required before the statements of a conspirator made in furtherance of the conspiracy can be admitted against his co-conspirator. We uphold the trial court's ruling that the evidence independent of the hearsay declaration established the existence of a conspiracy; hence, we affirm the trial court's ruling.

The admissibility of a co-conspirator's declarations made in furtherance of the conspiracy, but outside of the presence of a defendant, is a long established exception to the hearsay rule in Virginia. *See, e.g., Amato v. Commonwealth*, 3 Va. App. 544, 552, 352 S.E.2d 4, 8-9 (1987); *Sands v. Commonwealth*, 62 Va. (21 Gratt.) 871, 895 (1872). Equally well established is the requirement that, before the co-conspirator's hearsay declaration may be admitted, a *prima facie* case of conspiracy must be established by evidence independent of the declarations themselves. *See, e.g., Floyd v. Commonwealth*, 219 Va. 575, 581-82, 249 S.E.2d 171, 175 (1978); *Stultz v. Commonwealth*, 6 Va. App. 439, 442, 369 S.E.2d 215, 217 (1988). "Otherwise, hearsay would lift itself by its own bootstraps to the level of competent evidence." *Poole v. Commonwealth*, 7 Va. App. 510, 513, 375 S.E.2d 371, 373 (1988).

Virginia decisions[1] have, generally, adopted the rationale of decisions from both federal and state courts[2] in developing the co-conspirator exception to the prohibition against admitting hearsay evidence. The co-conspirator exception requires as a threshold to admissibility some assurance of the existence of a conspiracy inde-

[1] *See, e.g., Floyd v. Commonwealth*, 219 Va. 575, 582-83, 249 S.E.2d 171, 175 (1978); *Poole v. Commonwealth*, 7 Va. App. 510, 513, 375 S.E.2d 371, 373 (1988); *Cirios v. Commonwealth*, 7 Va. App. 292, 301, 373 S.E.2d 164, 168 (1988).

[2] *See, e.g., Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Scott*, 730 F.2d 143 (4th Cir.), *cert. denied*, 469 U.S. 1075 (1984); *United States v. Gresko*, 632 F.2d 1128, 1131 (4th Cir. 1980); *United States v. Kelley*, 526 F.2d 615, 618 (8th Cir. 1975), *cert. denied*, 424 U.S. 971 (1976); *State v. Thompson*, 273 Minn. 1, 17, 139 N.W.2d 490, 503, *cert. denied*, 385 U.S. 817 (1966); *Smith v. Board of Comm'rs of Alabama State Bar*, 284 Ala. 420, 428, 225 So. 2d 829, 835-36 (1969).

pendent of a conspirator's hearsay statements. Because of the risk that a co-conspirator may be making calculated statements to divert attention by implicating others for his or another's wrongdoing, and because the trier of fact typically will not have an opportunity to hear the declarant cross-examined, or view the declarant's demeanor or the evidence first hand, a co-conspirator's declarations, like hearsay statements generally, are inadmissible absent some indicia of reliability. Evidence which independently establishes the existence of a conspiracy provides the degree of reliability and inherent trustworthiness that is required of all exceptions to the hearsay rule. *See Evans-Smith v. Commonwealth*, 5 Va. App. 188, 197, 361 S.E.2d 436, 441 (1987). While other jurisdictions, most notably the federal courts, have relaxed the requirements for admissibility of a co-conspirator's hearsay statements when made in furtherance of the conspiracy, *see Bourjaily v. United States*, 483 U.S. 171 (1987), the settled rule in Virginia remains that a *prima facie* case of conspiracy must be established by evidence independent of the hearsay declarations before those declarations may be admitted into evidence. *Floyd*, 219 Va. at 581-82, 249 S.E.2d at 175; *Stultz*, 6 Va. App. at 442, 369 S.E.2d at 217; *cf. Donahue v. Commonwealth*, 225 Va. 145, 155, 300 S.E.2d 768, 773 (1983) (explicitly declining adoption of federal rule allowing liberal evidentiary use of prior criminal acts in favor of Virginia rule to the contrary).

In reviewing whether evidence was sufficient to establish the existence of a conspiracy, we consider the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The factual determinations which are necessary predicates to rulings on the admissibility of evidence and the purposes for which it is admitted are for the trial judge and not the jury. *See Campbell v. Commonwealth*, 194 Va. 825, 830, 75 S.E.2d 468, 471 (1953); *see also Cirios v. Commonwealth*, 7 Va. App. 292, 299-300, 373 S.E.2d 164, 167 (1988) (trial judge determines when *prima facie* case of conspiracy is established). The trial court's factual findings in making its admissibility determination are to be given the same weight as is accorded a finding of fact by the jury. *Campbell*, 194 Va. at 830, 75 S.E.2d at 471; *see also Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680). On factual issues relating to the admissibility of evi-

dence, the burden of persuasion is proof by a preponderance of the evidence. *Albert v. Commonwealth*, 2 Va. App. 734, 738, 347 S.E.2d 534, 536 (1986). Thus, in this case, the trial judge had to determine whether the evidence, independent of the officer's testimony about Cardoza's statement, established a *prima facie* case of conspiracy between Rabeiro and Cardoza.

At trial, evidence independent of the police officer's hearsay account was introduced to prove the existence of a conspiracy between Rabeiro and Cardoza to sell cocaine. Aside from the police officer's account of what Cardoza told him, Cardoza testified that he obtained the cocaine from Rabeiro under an arrangement whereby he would sell the cocaine to repay Rabeiro and Rabeiro's cousins for a drug debt. Cardoza testified that he was in debt to Rabeiro for drugs which Rabeiro had supplied him which had been seized when Cardoza was arrested for a separate distribution offense two years earlier. As to Rabeiro's involvement in the offense charged, Cardoza testified that he, Cardoza, arranged an initial sale of four ounces of cocaine to the undercover officer. He testified that Rabeiro provided him with the cocaine, accompanied him to the prearranged sales location, and instructed him as to the amount to charge the undercover officer for the cocaine. Upon arrival, Rabeiro waited outside in the automobile while Cardoza went inside to complete the sale. Cardoza testified that the sale of four ounces was not completed because the undercover officer requested that Cardoza obtain for him a larger quantity of cocaine. Cardoza testified that, "I said that I'd have to check — I'd have to check with my man. I didn't know if I could or I couldn't. . . I told them he was outside. . . I didn't say a name. . . I said, you know, a Cuban." Cardoza testified that the person to whom he was referring was Rabeiro. Cardoza contacted the undercover officer shortly thereafter, as agreed, informing him that a larger quantity of cocaine (twelve ounces) had been obtained. Rabeiro again accompanied Cardoza to the sales location and handed Cardoza the twelve ounces of cocaine upon arrival. Rabeiro, who remained outside in the automobile, was arrested for distribution of cocaine upon completion of the cocaine sale by Cardoza.

We find the foregoing facts and testimony sufficient to establish by a preponderance of the evidence that Fernando Car-

doza and Jose Rabeiro conspired to distribute cocaine.[3] "Conspiracy is an agreement between two or more persons by some concerted action to commit an offense." *Falden v. Commonwealth*, 167 Va. 542, 544, 189 S.E. 326, 327 (1937). The undercover officer testified that Cardoza's response to the request for more cocaine was that "[Cardoza] said that his man was out in the car and that he would have to go. . . out there and talk to him, that it was a Cuban male — that his man was Cuban." This testimony was admissible as substantive evidence against the defendant, Rabeiro, under the co-conspirator exception to the prohibition against hearsay. Because the statement by Cardoza to the undercover officer was admissible as a statement by a co-conspirator in furtherance of the conspiracy, we uphold the evidentiary ruling of the trial court and affirm the conviction for distribution of cocaine.

*Affirmed.*

Baker, J., and Keenan, J., concurred.

---

[3] *Cf. Donahue v. Commonwealth*, 225 Va. 145, 154, 300 S.E.2d 768, 773 (1983); *Poole v. Commonwealth*, 7 Va. App. 510, 514, 375 S.E.2d 371, 373 (1988).