COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


ROBERT LEE BANKS

MEMORANDUM OPINION[*] BY
v.          Record No. 2990-95-3          JUDGE RICHARD S. BRAY
                                          FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WISE COUNTY
J. Robert Stump, Judge

(Anthony E. Collins; Collins & Collins, on
brief), for appellant.  Appellant submitting
on brief.

Kathleen B. Martin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Robert Lee Banks (defendant) was convicted by a jury of

voluntary manslaughter, assault and battery, and possession of

marijuana.  Defendant was jointly tried with Eddie Perry (Perry),

pursuant to Code § 19.2-262.1.  On appeal, defendant complains

that the trial court erroneously (1) limited Perry and himself to

three peremptory strikes each, (2) instructed the jury on the law

of self-defense, (3) admitted a staged photograph into evidence,

and (4) denied his motion for a mistrial.  Defendant also

challenges the sufficiency of the evidence to support the

voluntary manslaughter conviction.  Finding no error, we affirm

the convictions.

The parties are fully conversant with the record, and this
_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

memorandum opinion recites only those facts necessary to a disposition of the appeal.

## PEREMPTORY STRIKES

Defendant first argues that he and Perry were each entitled to exercise four peremptory strikes pursuant to Code § 19.2-262. However, in accordance with Adkins v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1997), defendant and Perry together were statutorily assured no more than four peremptory strikes. Because the trial court permitted a total of six peremptory challenges, we find no error.

## SELF-DEFENSE INSTRUCTION

Defendant next complains that portions of jury instruction "No. 3" incorrectly suggested to the jury that an instigator of combat may never claim self-defense, despite retreat, an attendant expression for peace, and reasonable belief that he was threatened with serious bodily harm or death.[1]

In reviewing a challenged jury instruction, our responsibility "is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va.

---

[1] For the first time on appeal, defendant contends that the instruction also implied that words alone were sufficient to justify an attack upon defendant by Adkins, thereby affording Adkins a different standard of provocation than defendant. However, Rule 5A:18 precludes our consideration of an argument not presented to the trial court. See Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

499, 503, 290 S.E.2d 856, 858 (1982)).  "A party is entitled to have the jury instructed according to the law favorable to his or her theory of the case if evidence in the record supports it."  Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).  In undertaking this issue, we view the evidence in the light most favorable to the party offering the instruction.  See id.

> The general rule is that one cannot provoke an attack, bring on a combat, and then slay his assailant, and claim exemption from the consequences on the ground of self-defense. No one can avail himself of the plea of self-defense, in a case of homicide, . . . when the defendant was himself the aggressor, and willfully brought on himself, without legal excuse, the necessity for the killing . . . . He who provokes a personal encounter, in any case, thereby disables himself from relying on the plea of self-defense in justification of a blow which he struck during the encounter.

Sims v. Commonwealth, 134 Va. 736, 761-62, 115 S.E. 382, 390 (1922) (citation omitted).  Moreover, "'[w]hen two persons enter willingly into a combat, not for self protection but to gratify their passion by inflicting injury upon each other, the doctrine of self-defense cannot be invoked on behalf of either.'"  Jones v. Commonwealth, 196 Va. 10, 14, 82 S.E.2d 482, 485 (1954) (citation omitted).

Here, several witnesses testified that defendant stopped his automobile adjacent to vehicles occupied by the victims, and defendant's passenger "held up a knife and said that he had something there that would solve everything."  Defendant then

drove a short distance away, stopped, exited the vehicle, and ran toward the victims. Thomas Gross approached the onrushing defendant, placed his hands on defendant's shoulders in a conciliatory gesture, and requested him to return to his car. Defendant then stabbed Gross and thereafter stabbed and killed Adkins while the men attempted to disarm defendant.

From such evidence, the jury could have concluded that defendant armed himself with a deadly weapon and "solely provoked the encounter" with the victims, thereby precluding a claim of self-defense and justifying the inclusion of this principle of law in the challenged instruction. Other evidence would have permitted an inference that defendant and Allen Adkins ran toward one another and engaged in mutual combat, a circumstance also precluding a claim of self-defense and justifying a related instruction. We, therefore, find that the challenged instruction was supported by the evidence and correctly set forth the applicable law.

### ADMISSIBILITY OF STAGED PHOTOGRAPH

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). "The factual determinations which are necessary predicates to rulings on the admissibility of evidence and the purposes for which it is admitted are for the trial judge and not the jury."

Rabeiro v. Commonwealth, 10 Va. App. 61, 64, 389 S.E.2d 731, 732 (1990). On appeal, such factual determinations are given "the same weight as is accorded a finding of fact by the jury." Id. at 64, 389 S.E.2d at 733.

> A staged photograph purporting to depict the circumstances existing at the time of an event . . . is in the nature of a test or experiment which is offered for the same purpose. Accordingly, the party who offers such evidence must show that the reconstruction or recreation is substantially similar, although not necessarily identical, to the actual event in all of its essential particulars.

Brown v. Corbin, 244 Va. 528, 531, 423 S.E.2d 176, 178 (1992) (citation omitted).

In this instance, an eyewitness testified that the disputed photo was "substantially similar to the way [she] saw" the events. After careful consideration, the trial court admitted the photograph and, at defendant's request, instructed the jury that the photo was admitted for "demonstrative purposes only." When the witness later noted minor differences between the photograph and events, an in-court demonstration and further testimony clarified the variations for the jury. Under such circumstances, we are unable to conclude that the trial judge abused his discretion in admitting the photograph.

MISTRIAL MOTION BASED ON REFERENCE TO O. J. SIMPSON TRIAL

It is well established that arguments not presented timely to the trial court are deemed waived on appeal, absent good cause or to attain the ends of justice. See, e.g., Deal v.

<u>Commonwealth</u>, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992). The comment in issue was uttered by the court during the Commonwealth's redirect examination of a witness, but defendant did not request a mistrial until after the conclusion of recross-examination by a codefendant. Further, defendant never requested a cautionary instruction. We, therefore, decline to review this issue on appeal. <u>Cf.</u> <u>Cheng v. Commonwealth</u>, 240 Va. 26, 38-39, 393 S.E.2d 599, 605-06 (1990) (error assigned to prosecutor's improper comment or conduct barred unless raised in timely motion for cautionary instruction or mistrial).

<u>SUFFICIENCY OF EVIDENCE TO PROVE VOLUNTARY MANSLAUGHTER</u>

Lastly, defendant challenges the sufficiency of the evidence to support the conviction for voluntary manslaughter. Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. <u>See</u> <u>Traverso v. Commonwealth</u>, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The jury's verdict will not be disturbed unless plainly wrong or without evidence to support it. <u>See</u> <u>id.</u> The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. <u>See</u> <u>Long v. Commonwealth</u>, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The fact finder is not required to believe the entire testimony of a witness, but may accept and reject portions in assessing such evidence. <u>See</u>

<u>Durham v. Commonwealth</u>, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973).

Defendant and the victim Adkins had several disagreements within hours of the homicide. Immediately prior to the offense, defendant again confronted Adkins, stabbing Gross when Gross attempted to prevent an altercation. As Gross and Adkins wrestled with defendant in an effort to disarm him, defendant stabbed and killed Adkins. Gross and Adkins had no weapons.

Such evidence was sufficient to support defendant's conviction of voluntary manslaughter, the unlawful killing of another without malice, actual or implied, upon a sudden heat, reasonable provocation, or in mutual combat. <u>See</u> <u>Moxley v. Commonwealth</u>, 195 Va. 151, 157, 77 S.E.2d 389, 393 (1953) (quoting <u>Read v. Commonwealth</u>, 63 Va. (22 Gratt.) 924, 937–38 (1872)).

Although defendant contended that Adkins was the aggressor and that he acted in self-defense, the jury was not required to believe this testimony and could infer that defendant was lying to conceal guilt. <u>See</u> <u>Rollston v. Commonwealth</u>, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Any alleged inconsistencies in the Commonwealth's evidence were circumstances weighed by the jury in finding defendant guilty of voluntary manslaughter.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>