COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued by Teleconference

FRANK BRADFORD TIBBITT, JR.

MEMORANDUM OPINION[*] BY
v.          Record No. 0168-96-1          JUDGE NELSON T. OVERTON
MARCH 4, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Robert B. Cromwell, Jr., Judge

James O. Broccoletti (J. F. Hoen; Zoby &
Broccoletti, P.C., on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.

Frank Bradford Tibbitt, Jr., was convicted by a jury of

possession of cocaine with the intent to distribute and

conspiracy to possess cocaine with the intent to distribute. He

appeals, arguing (1) that the evidence was obtained in an illegal

search; (2) that a hearsay statement was improperly admitted; (3)

that the hearsay statement was improperly mentioned in closing

argument; and (4) that the trial judge erroneously refused one of

the defendant's jury instructions. We disagree on each point,

and affirm Tibbitt's convictions.

Tibbitt first contends that the search of his person was

illegal. He claims that, although the police were justified in

stopping his vehicle, they were not justified in arresting him

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and searching him incident to that arrest.  Contrary to this assertion, the police did have probable cause to arrest Tibbitt after they stopped his vehicle.  "'[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'"  Jones v. Commonwealth, 18 Va. App. 229, 231, 443 S.E.2d 189, 190 (1994) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981)).  "To establish probable cause, the Commonwealth must show 'a probability or substantial chance of criminal activity, not an actual showing of such activity.'"  Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (quoting Boyd v. Commonwealth, 12 Va. App. 179, 188-89, 402 S.E.2d 914, 920 (1991)).

In this case, the police were told by Ignatius Moore that a man named Frank in a blue Renault would be involved in a drug deal.  After observing Moore participate in a drug transaction, the police saw Moore immediately picked up by a blue Renault driven by Tibbitt.  Upon stopping Tibbitt's car, the police arrested Moore, but found that he had already transferred some of the marked "buy money."  The knowledge and observations of the police at that time provided probable cause to believe that Tibbitt was not an innocent bystander, but was an accomplice to the drug transaction.  The arrest and search of Tibbitt were

therefore lawful, and the evidence found on Tibbitt was properly admitted.

Tibbitt next argues that the statement made by Moore about a man named Frank in a blue Renault was hearsay and should not have been admitted at trial. Moore's statement, however, was an exception to the hearsay rule as a statement made by a co-conspirator. "The admissibility of a co-conspirator's declarations made in furtherance of the conspiracy, but outside of the presence of a defendant, is a long established exception to the hearsay rule in Virginia." Rabiero v. Commonwealth, 10 Va. App. 61, 63, 389 S.E.2d 731, 732 (1990). "[A] prima facie case of conspiracy must be established by evidence independent of the declarations themselves." Id.

The evidence presented by the Commonwealth meets this test. Tibbitt was waiting across the street from the drug transaction, even though Moore had changed the location at the last minute. Once Moore was finished, Tibbitt immediately pulled out to pick him up without any signal from Moore. When Tibbitt was searched shortly thereafter, some of the buy money was found on him, apparently given to him directly after picking up Moore. At the time of his arrest, Tibbitt told the police that he knew that some of what was sold to the police was soap. This evidence, taken as a whole, is sufficient to establish a prima facie case that an agreement existed between Tibbitt and Moore for the sale of drugs. A conspiracy having been established, Moore's

statement to the police about a man named Frank in a blue Renault was admissible.

By extension, Tibbitt's claim of error as to the closing argument also fails. If the statement was properly admitted, the Commonwealth was free to refer to it as evidence that the jury could consider.

Lastly, Tibbitt claims that the trial judge erred in refusing a jury instruction as to an accessory after the fact. We find no error. "An instruction that is not supported by the evidence . . . is properly refused." Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986). More than a "mere scintilla of evidence" must be present to support the instruction. Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992). In order to have been an accessory after the fact, a felony must have been completed, Tibbitt must have known that Moore was guilty, and Tibbitt must have received, relieved, comforted or assisted him. See Manley v. Commonwealth, 222 Va. 642, 645, 283 S.E.2d 207, 208 (1981). The evidence viewed in a light most favorable to the defendant does not satisfy these requirements. Tibbitt told the police that he had no contact with Moore before the transaction and merely gave Moore a ride without any intention of assisting him with a crime. This evidence may tend to prove Tibbitt's innocence of any offense, but it does not support a charge of accessory after the fact. The instruction was properly refused.

4

Accordingly, we affirm Tibbitt's convictions.

<u>Affirmed.</u>