COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


MARTY JAGADE JACKSON
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0680-96-3     JUDGE LARRY G. ELDER
                                         APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                  James F. Ingram, Judge


        W. Clarke Whitfield, Jr. (Turner, Haskins &
        Whitfield, PLC, on brief), for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Marty Jagade Jackson (appellant) appeals his conviction of

two counts of aiding and abetting the sale of cocaine.  He

contends that the trial court erred when it admitted two hearsay

statements into evidence under the "co-conspirator" exception to

the hearsay rule.  For the reasons that follow, we affirm.

                              I.

                            FACTS

     Appellant was arrested and charged with two counts of aiding

and abetting the sale of cocaine.  At trial, Ralph Anthony Moore,

an undercover drug investigator, testified for the Commonwealth

that he made two purchases of crack cocaine in March, 1995 that

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

involved appellant.  The first transaction was between Mr. Moore and Timothy Griffin on March 13, and the other was between Mr. Moore and Antonio Vantas Davis on March 24.

During his testimony, Mr. Moore testified that Mr. Griffin told him during the transaction on March 13, "you could get these three for a $100.00.  We only have fifties, but you can get these three for $100.00."  Mr. Moore later testified that Mr. Davis told him during the transaction on March 24 that "[appellant] was going to look out for me [Mr. Moore] from the last time." Appellant's counsel objected to the admission of both of these statements on the ground that they were hearsay.  The trial court overruled both objections on the ground that each statement "was made by a co-conspirator during the course of the enterprise." At the conclusion of the evidence, the trial court convicted appellant of both counts of aiding and abetting the sale of cocaine.

## II.
## ADMISSIBILITY OF THE HEARSAY STATEMENTS
## OF MR. GRIFFIN AND MR. DAVIS

Appellant contends that the trial court erred when it concluded that the hearsay statements of Mr. Griffin and Mr. Davis were admissible under the co-conspirator exception to the hearsay rule.  Appellant argues that the co-conspirator exception does not apply to these statements because the evidence at trial did not establish that appellant was involved in a conspiracy to sell cocaine with Mr. Griffin on March 13 or with Mr. Davis on

March 24.  We disagree.

Hearsay evidence that is a declaration of a defendant's co-conspirator made in furtherance of the conspiracy is admissible under the co-conspirator exception to the hearsay rule.  See Rabeiro v. Commonwealth, 10 Va. App. 61, 63, 389 S.E.2d 731, 732 (1990).  "Such declarations are admissible even though a conspiracy is not charged where the evidence establishes a prima facie case of conspiracy."  Anderson v. Commonwealth, 215 Va. 21, 24, 205 S.E.2d 393, 395 (1974).  A prima facie case consists of "evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted."  Babbit v. Miller, 192 Va. 372, 379, 64 S.E.2d 718, 722 (1951).  The prima facie case of conspiracy must be established by evidence independent of the hearsay declarations.  See Rabeiro, 10 Va. App. at 63, 389 S.E.2d at 732.  In addition, evidence establishing the prima facie case of conspiracy need not be admitted prior to the admission of the hearsay statement.  See Floyd v. Commonwealth, 219 Va. 575, 582, 249 S.E.2d 171, 175 (1978) (stating that the co-conspirator's hearsay statement may be "conditionally admitted subject to being 'connected up' by subsequent independent proof of concert of action" (citation omitted)).

"In reviewing whether evidence was sufficient to establish the existence of a conspiracy, we consider the evidence in the light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom." Rabeiro, 10 Va. App. at 64, 389 S.E.2d at 732-33 (citations omitted). A trial court's factual determination regarding the necessary predicates to rulings on the admissibility of evidence will not be disturbed on appeal unless plainly wrong or without evidence to support it. See id. at 64, 389 S.E.2d at 733 (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

## A.

### HEARSAY STATEMENT OF MR. GRIFFIN ON MARCH 13, 1995

We hold that Mr. Griffin's statement falls under the co-conspirator exception to the hearsay rule because the evidence established a prima facie case of conspiracy between appellant and Mr. Griffin to sell cocaine. "Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). "A conspiracy may be proved by circumstantial evidence." Id.

Mr. Moore's testimony regarding Mr. Griffin's and appellant's actions on March 13 supports the trial court's conclusion that an agreement existed between the two to sell cocaine. Mr. Moore testified that in response to his request to purchase a "hundred rock" of crack cocaine, appellant told him to "give me two minutes" and then disappeared behind his house.

Shortly thereafter, Mr. Griffin appeared from appellant's house and approached Mr. Moore in his car. After recognizing Mr. Moore as his "little man from the pool hall," Mr. Griffin shook his hand and told him that "its all good." Mr. Griffin then returned to speak with appellant, made an exchange with him, and returned to Mr. Moore's car with three packages of crack cocaine. After Mr. Moore paid Mr. Griffin for the drugs, Mr. Griffin returned to appellant and appeared to make another exchange with him. Mr. Griffin's statement to Mr. Moore that "its all good" in combination with his exchanges with appellant supports the reasonable inference that he and appellant were engaged in a conspiracy to sell crack cocaine.

## B.

### HEARSAY STATEMENT OF MR. DAVIS ON MARCH 24, 1995

We also hold that Mr. Davis' statement was admissible under the co-conspirator exception because the evidence established the existence of a conspiracy between Mr. Davis and appellant. Mr. Davis testified that he occasionally sold cocaine and that he previously obtained his supply for this purpose from appellant. He testified that he accompanied Mr. Moore to appellant's house on March 24 to facilitate the sale of crack cocaine between appellant and Mr. Moore. He testified that he spoke with appellant about selling drugs to Mr. Moore and that appellant indicated that he was suspicious of Mr. Moore. Appellant then told Mr. Davis "to serve the dude" and gave him "three twenties"

of crack cocaine to sell to Mr. Moore.  Mr. Moore's testimony corroborated Mr. Davis' account of the transaction on March 24. Mr. Moore testified that after giving Mr. Davis $100, Mr. Davis walked over to appellant and made an exchange.  Mr. Davis then returned to Mr. Moore's car and gave him three foil-wrapped packages of crack cocaine.  The evidence of Mr. Davis' prior dealings with appellant and their actions on March 24 supports the reasonable inference that appellant and Mr. Davis were working in concert to sell crack cocaine at the time the statement at issue was made by Mr. Davis.

For the foregoing reasons, we affirm the conviction of two counts of aiding and abetting the sale of cocaine.

<u>Affirmed</u>.