COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bray
Argued at Richmond, Virginia


LELAND LLOYD JOHNSON
                                        MEMORANDUM OPINION* BY
v.          Record No. 2371-97-2        JUDGE RICHARD S. BRAY
                                          OCTOBER 27, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Donald W. Lemons, Judge

            Brian H. Jones (Kaestner, Pitney &
            Jones, P.C., on brief), for appellant.

            Ruth Ann Morken, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Leland Lloyd Johnson (defendant) was convicted in a bench

trial for driving while intoxicated.  On appeal, defendant

complains that the "Certificate of Blood Alcohol Analysis"

(certificate) was improperly admitted into evidence because the

clerk of the trial court failed to provide a copy upon his

request pursuant to Code § 19.2-187.  We disagree and affirm the

conviction.

     The parties are fully conversant with the record, and we

recite only those facts necessary for disposition of the appeal.

 In accordance with well established principles, we view the

evidence in the light most favorable to the prevailing party

below, the Commonwealth in this instance, granting all reasonable

---

    *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

On May 24, 1997, Officer Richard Dunn arrested defendant for driving under the influence of alcohol.  A related analysis of defendant's breath reflected an alcohol content of .11 grams per 210 liters.  Prior to trial in the general district court and, again, on appeal to the circuit court, defendant requested a copy of the certificate of analysis from the respective clerks' offices.  Although defendant properly received a copy from the general district court clerk, the clerk of the trial court failed to respond.  The record establishes, however, that the Commonwealth timely mailed a copy of the certificate to defendant's counsel during the pendency of the appeal in the circuit court.

Defendant objected to admission of the certificate into evidence as an exception to hearsay created by Code § 19.2-187, arguing that the clerk of the trial court had neglected to provide a copy in accordance with the statute.  In overruling the objection, the court concluded that the copy previously provided defendant by the clerk of the general district court satisfied the application of Code § 19.2-187 to the circuit court proceedings.  Moreover, the trial judge found that "the certificate of analysis was mailed [by the Commonwealth] to counsel for the defendant."

> Code § 19.2-187 provides, in pertinent part, that
> [i]n any hearing or trial of any criminal

- 2 -

offense . . ., a certificate of analysis of a person performing an analysis or examination . . . shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

Thus, a certificate of analysis is clearly admissible provided a copy "is mailed or delivered by the clerk or attorney for the Commonwealth to [defense] counsel at least seven days prior to the hearing or trial upon request of such counsel."  Code § 19.2-187 (emphasis added).  However, a certificate "is not admissible if the Commonwealth fails strictly to comply with the provisions of Code § 19.2-187."  Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993).

On appeal, factual findings "which are necessary predicates to rulings on the admissibility of evidence . . . are to be given the same weight as is accorded a finding of fact by the jury."  Rabeiro v. Commonwealth, 10 Va. App. 61, 64, 389 S.E.2d 731, 732-33 (1990).  Here, the court determined that the attorney for the Commonwealth had timely mailed a copy of the certificate to defendant's counsel prior to trial in the circuit court, a conclusion supported by the record.  Although defendant's counsel contends that he never received the document, the mailing,

without more, fulfilled the statutory imperative.

The Commonwealth, therefore, complied with the provisions of Code § 19.2-187, and the trial court properly admitted the certificate into evidence.[1]  Accordingly, we affirm the conviction.

Affirmed.

---

[1]Although the trial court concluded that compliance with Code § 19.2-187 by the general district court clerk satisfied the statute in the later circuit court proceedings, we find it unnecessary to address that issue.