COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Lemons and
          Senior Judge Duff
Argued at Alexandria, Virginia


MICHAEL THOMPSON
                                    MEMORANDUM OPINION* BY
v.    Record No. 0465-98-4          JUDGE DONALD W. LEMONS
                                          JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       William T. Newman, Judge

          (Clark Edward Brodersen, on brief), for
          appellant.  Appellant submitting on brief.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.



     Michael Thompson was convicted of grand larceny, a

violation of Code § 18.2-95, and burglary, a violation of Code

§ 18.2-91.  On appeal, he argues that the trial court erred in

admitting a statement he made which contained evidence of other

crimes.  Thompson also contends that the trial court improperly

refused jury instructions relating to statements of

modus operandi and evidence of other crimes, and that the

evidence was insufficient to sustain his convictions.

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

I.  BACKGROUND

John Staudhammer lived in a single-family house at 214 South Lee Street in Arlington County, Virginia.  The house is located next to a house on the corner of the street. Staudhammer stated that there is no carport and that the driveway is secluded.  On October 23, 1996, Staudhammer left his house to go to work.  No other person remained in the house. Later that afternoon he received a call from his stepdaughter who had returned home from school to discover that the house had been burglarized.  Staudhammer testified that the missing items were a "32-inch TV set; two VHS Hi-Fi recorders; one CD portable system; 35 millimeter camera; a wallet, the computer system and Silicon Graphics station . . . . including some extra memory . . . an audio system . . . . a color printer; a Windbreaker; CD disk . . . some sunglasses . . . and power strips . . . ." Staudhammer stated that the total value of the items missing was $27,598.

Detective Edgar E. Lancaster of the Falls Church City Police Department investigated the burglary.  Lancaster testified that the rear door had glass panes in it and that "[o]ne of the glass panes were [sic] broken out with a large rock.  And then the perpetrator reached inside, [and] unlocked the door to gain entry."  He also stated that a computerized check of Falls Church Police Department records revealed that

-

there were no other reported burglaries on South Lee Street since 1994.

On December 19, 1996, Detective Thomas Einwechter of the Fairfax County Police Department was investigating burglaries that had occurred in Fairfax County in October and November of 1996. Einwechter testified that Michael Thompson, appellant, agreed to drive around the county with Einwechter to show him which houses had been burglarized, on the condition that he not be prosecuted for those burglaries. After Einwechter advised Thompson of his Miranda rights, Thompson and Einwechter drove into Annandale. Einwechter testified that Thompson then directed him to drive into Alexandria.

Thompson directed Einwechter to a house in Alexandria that had been broken into. Einwechter stated that he then advised Thompson that he had to inform the Alexandria police what Thompson had shown him. Thompson then directed Einwechter to South Lee Street in Falls Church City where he told Einwechter that he "had broken into a house on that street." Thompson did not state which house it was, nor did he say when he had committed the crime. Einwechter told Thompson that he would have to tell the Falls Church City Police.

Einwechter testified that during the "ride-along" Thompson discussed "the things that he like[s] to do" in committing a burglary and explained that:

-

> when he [Thompson] would pick out a house,
> he liked secluded houses, houses with short
> driveways, single family homes.  He said it
> was during the daytime hours is the best
> time [sic].  It was less likelihood of
> someone being in the house during the day
> and that he would go into a house through a
> rear door or window.

Einwechter also stated that Thompson told him that he liked to take "computers, large screen TVs, Camcorders, jewelry, cameras, things of that nature, VCRs."  Einwechter contacted Detective Lancaster, and Thompson was arrested for the burglary of 214 South Lee Street.

## II.  ADMISSION OF THOMPSON'S STATEMENT ABOUT METHOD OF BURGLARY

On August 12, 1997, prior to trial, Thompson filed a motion in limine requesting that the court exclude Thompson's statement to Einwechter "regarding his method of burglary, because such statements are not uniquely distinctive enough to identify or implicate Mr. Thompson to the South Lee Street burglary . . . ." The trial court refused to grant Thompson's motion.

On appeal, Thompson argues that the court erred in failing to grant his motion in limine, as the statement is "substantially dissimilar" to the modus operandi used on the burglary at 214 South Lee Street in the City of Falls Church. Thompson argues that the statement should not have been admitted because "it is not an idiosyncratically identical fit which serves to identify the petitioner to the burglary . . . ." Thompson contends that the trial court also erred in refusing

-

his proffered Jury Instruction G, which stated that "the manner in which the offenses were committed, must be so idiosyncratically distinctive as to indicate a modus operandi."

"Proof of modus operandi is competent evidence where there is a disputed issue of identity."  Hewston v. Commonwealth, 18 Va. App. 409, 412, 444 S.E.2d 267, 268 (1994).  In Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616, cert. denied, 498 U.S. 908 (1990), the Supreme Court rejected the argument that evidence of other crimes be so similar to the one charged that it constitute a "signature" crime to establish modus operandi.  The Court articulated the following standard:

> [E]vidence of other crimes, to qualify for admission as proof of modus operandi, need not bear such an exact resemblance to the crime on trial as to constitute a 'signature.'  Rather, it is sufficient if the other crimes bear 'a singular strong resemblance to the pattern of the offense charged.'  That test is met where the other incidents are "sufficiently idiosyncratic to permit an inference of pattern for purposes of proof," thus tending to establish the probability of a common perpetrator.

Chichester v. Commonwealth, 248 Va. 311, 326-37, 448 S.E.2d 638, 648 (1994) (citations omitted).

In addition, the "[a]dmission of evidence . . . is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice caused the defendant."  Guill v. Commonwealth, 255 Va. 134, 139, 495 S.E.2d 489, 491-92 (1998).

-

On appeal, Thompson argues that the details of previous crimes contained in his admission to Einwechter were not "idiosyncratically identical" to the burglary at 214 South Lee Street, and therefore were inadmissible to show modus operandi. Einwechter testified that Thompson told him that he liked to burglarize "secluded houses. . . . single family homes." Einwechter also stated that Thompson admitted that "daylight hours" were "the best times" to commit burglaries and that he gained entry through rear doors or windows. Einwechter testified further that Thompson told him that he "liked to take computers, large screen TVs, camcorders, jewelry, cameras, things of that nature, VCRs."

The dwelling at 214 South Lee Street was a single-family house in a residential neighborhood located a "long block" from a main thoroughfare, and next to the corner house. The back yard of the house was densely wooded and fully enclosed by a wooden fence, which concealed it from the front of the house. The breaking was committed through a rear kitchen window during the daytime. Mostly electronic equipment, including a computer work station, a color printer, two video cassette recorders, and a television set were taken.

To be admissible, Thompson's statement was only required to demonstrate "a singular strong resemblance" to the same burglary "to permit an inference of pattern for the purposes of proof." Chichester, 248 Va. at 326-27, 428 S.E.2d at 648 (citations

-

omitted).  We hold that Thompson's statement sufficiently resembled the details of the burglary committed at 214 South Lee Street to permit such an inference.  The trial court did not err in admitting it for purposes of showing modus operandi.

In addition, Thompson argued that the trial court improperly refused to give his proffered jury instructions F and G.  Jury Instruction F read:

> Where evidence of offenses committed by the defendant other than the offenses for which he is on trial is used to establish the identity of the defendant, more is required than merely proving the commission of the same class.  Generally, the device used to commit the offenses, or the manner in which the offenses were committed, must be so idiosyncratically distinctive as to indicate a modus operandi.  And the pattern of the other offenses committed by the defendant must bear a strong resemblance to the pattern of the offenses charged.

At trial, Thompson argued that Instruction F was necessary because the Commonwealth had admitted evidence to prove modus operandi.  The first portion of the instruction "[w]here evidence of offenses committed . . . more is required than merely proving the commission of the same class" addresses the admissibility of evidence.  "The factual determinations which are necessary predicates to rulings on the admissibility of evidence and the purposes for which it is admitted are for the trial judge and not the jury."  Rabeiro v. Commonwealth, 10 Va. App. 61, 64, 389 S.E.2d 731, 732 (1990).  The trial court properly refused Instruction F.

-

Jury Instruction G provided:

> You may consider evidence that the defendant
> made a statement as to how he would commit a
> burglary only as evidence if it's the
> statement which describes a unique and
> distinctive method of committing the type of
> crime charged, in connection with the
> offense for which he is on trial and for no
> other purpose.

We hold that the trial court correctly refused Thompson's proffered Jury Instruction G. The admissibility of evidence is a legal issue to be decided by the court, not left to the province of the jury. See Mazer v. Commonwealth, 142 Va. 649, 653, 128 S.E. 514, 515 (1925). In addition, the instruction is an incomplete statement of law because the standard is not that there must be a "unique and distinctive method" of committing the crime. The jury was properly instructed that:

> You may consider evidence that the defendant
> committed offenses other than the offenses
> for which he is on trial only as evidence of
> the defendant's identity in connection with
> the offenses for which he is on trial and
> for no other purpose.

We hold that this instruction was a correct statement of the law in the context of the case, and that the jury was properly instructed. The court did not err in refusing to grant the defendant's Jury Instruction G.

### III. OTHER EVIDENCE OF PRIOR CRIMES

In addition to Thompson's statement concerning his method of burglary, Einwechter testified that he drove to a location in Fairfax County where a house had been burglarized that he wanted

-

to discuss with Thompson.  Einwechter stated that Thompson then directed him to a location in the City of Alexandria where "[a] house had been broken into."  Einwechter testified that Thompson then directed him to drive to South Lee Street in Falls Church.

Thompson argues that the trial court erred in permitting the introduction of Einwechter's testimony making reference to other burglaries committed in Fairfax County and the City of Alexandria.  In addition, Thompson contends that the trial court erred in rejecting his proffered Jury Instructions H and I.

"Evidence of other crimes or bad acts is inadmissible if it is offered merely to show that the defendant is likely to have committed the crime charged."  Goins v. Commonwealth, 251 Va. 442, 462, 470 S.E.2d 114, 127, cert. denied, 519 U.S. 887 (1996).  However, "[e]vidence of other crimes is admissible if it tends to prove any fact in issue, even though it also tends to show the defendant guilty of another crime."  Bullock v. Commonwealth, 27 Va. App. 255, 260, 498 S.E.2d 433, 435 (1998) (citations omitted).  "The general rule excluding evidence of 'other crimes' extends only to crimes which are unrelated to those on trial, and which are offered solely for the purpose of showing that the accused was a person of such character as to be a likely perpetrator of the offense charged."  Scott v. Commonwealth, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984).

> Admission of evidence under [the] exceptions
> . . . is subject to the further requirement
> that the legitimate probative value of the

-

evidence must exceed the incidental prejudice caused the defendant. The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal in the absence of a clear abuse.

Bullock, 27 Va. App. at 261, 498 S.E.2d at 453-36 (citations omitted).

The reference to "other crimes" committed by Thompson in Fairfax County and the City of Alexandria was relevant to show why Thompson was driving around with Einwechter when he made the statements. It places Thompson's statement about the burglary on South Lee Street in its proper context. We cannot say that the trial court abused its discretion in finding that the probative value of the statement outweighed its prejudicial effect on Thompson.

Thompson argues that the trial court erred in refusing to give his proffered Jury Instructions H and I.

Thompson's proposed Jury Instruction H read:

You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses other than the offense charged against him in the indictment in this case, you can not consider that testimony for any purpose.

Evidence of other crimes may be considered for specific purposes, including the identity of the perpetrator. See Spencer, 240 Va. at 89, 393 S.E.2d at 616. "Among the permissible uses of 'other crimes' evidence, such evidence may

-

be admitted: (1) to prove any element of the offense charged, (2) to show the motive, intent, or knowledge of the accused, (3) to show the conduct and feeling of the accused toward his or her victim, or (4) to show premeditation or malice." Shifflett v. Commonwealth, 29 Va. App. 521, 529, 513 S.E.2d 440, 544 (1999).

The court did instruct the jury as follows:

> You may consider evidence that the defendant committed offenses other than the offenses for which he is on trial only as evidence of the defendant's identity in connection with the offenses for which he is on trial and for no other purpose.

This was a proper instruction in the context of the case, where the evidence was admitted to prove identity of the perpetrator. In addition, "an instruction which tends to mislead or confuse the jury, or which is contradictory of an instruction already given, should be refused." Lear v. Commonwealth, 195 Va. 187, 194, 77 S.E.2d 424, 428 (1953). The court properly refused Instruction H.

Thompson's proposed Jury Instruction I read:

> The jury is instructed that the fact that the Defendant has been heretofor[sic] convicted of similar or like offenses is not proof that he is guilty of the offense here charged and such fact should not be considered by the Jury in reaching a conclusion as to his guilt or innocence on the present charge.

The court refused this instruction, stating, "[t]here's no evidence before the jury he's been convicted of anything." Where there is no evidence to support the giving of an

-

instruction, the instruction is properly refused.  See <u>Frye v.</u>
<u>Commonwealth</u>, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986).
Here, there was no evidence before the jury that would support
giving Thompson's Instruction I, and the court did not err in
refusing to give it.

### IV.   SUFFICIENCY OF THE EVIDENCE

On appeal, Thompson contends that the evidence was
insufficient to sustain his convictions for burglary and
robbery.  The only issue with respect to the sufficiency of the
evidence is whether Thompson's admission that he committed a
burglary on South Lee Street, the <u>modus</u> <u>operandi</u> evidence and
the physical evidence from 214 South Lee Street were sufficient
to support Thompson's convictions.

Thompson argues that his statement to Einwechter "I did one
on this street" while they were driving on South Lee Street is
not tied to the time of place of the burglary at 214 South Lee
Street.  Thompson also argues that the fact that the burglary at
214 South Lee Street was the only burglary on South Lee Street
since 1994 does not reasonably establish his guilt.  Thompson
argues further that Einwechter did not inform him that the only
burglaries Einwechter was interested in learning about occurred
in October and November of 1996.  Finally, Thompson argues that
because he did not have possession of stolen property, there
could be no inference of guilt from his "inconclusive

-

statements," and the evidence supporting his convictions was wholly circumstantial.

Where the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth.  See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990).  "A trial court's judgment approving a jury's verdict is entitled to great weight on appeal and will not be disturbed unless it is contrary to law or plainly wrong."  Gray v. Commonwealth, 233 Va. 313, 344, 356 S.E.2d 157, 174 (citing Code § 8.01-680), cert. denied, 484 U.S. 873 (1987).

We hold that Thompson's admission to Einwechter that he committed a burglary on South Lee Street, coupled with other evidence admitted at trial, proved beyond a reasonable doubt that he committed the crimes of burglary and larceny at 214 South Lee Street.  It was reasonable for the jury to infer that because no other homes on South Lee Street had been burglarized since 1994, Thompson was referring to the burglary at 214 South Lee Street.

In addition, Thompson told Einwechter that he liked to burglarize secluded, single-family homes in the daylight hours by entering through a rear door or window, and that he liked to take "computers, large screen TVs, Camcorders, jewelry, cameras . . . VCRs."  The burglary committed at 214 South Lee Street, a

-

single-family home with a secluded back yard, was committed during the day.  The house was broken into through a rear window, and a computer "work station," as well as two VCRs, a television, a camera, and various other electronic equipment were taken.

## V.  CONCLUSION

We hold that the trial court properly admitted Thompson's statement.  We also hold that the trial court did not err in refusing Thompson's proffered Jury Instructions F through I.  In conclusion, we hold that that the evidence was sufficient to support the convictions.

<u>Affirmed.</u>

-