COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Millette
Argued at Alexandria, Virginia


SAMUEL T. ENSLEY

MEMORANDUM OPINION* BY
v.        Record No. 2772-06-4              JUDGE LARRY G. ELDER
                                           APRIL 8, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Martin Bass, Judge

Timothy W. Barbrow for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Samuel T. Ensley (appellant) appeals from his jury trial conviction for conspiracy to

distribute a Schedule I or Schedule II controlled substance.  On appeal, he contends the trial

court erred under both state hearsay rules and the Confrontation Clause of the Sixth Amendment

to the United States Constitution by admitting into evidence hearsay statements made by his

alleged co-conspirators.  We hold appellant failed to preserve his state hearsay claims for appeal

and that his Confrontation Clause claim, although preserved, lacks merit.  Thus, we affirm.

"The admissibility of a co-conspirator's declarations made in furtherance of the

conspiracy, but outside of the presence of a defendant, is a long established exception to the

hearsay rule in Virginia."  Rabeiro v. Commonwealth, 10 Va. App. 61, 63, 389 S.E.2d 731, 732

(1990).  Although "a *prima facie* case of conspiracy must be established by evidence

independent of the declarations themselves," id., such hearsay "statements . . . may be

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

'conditionally admitted subject to being "connected up" by subsequent independent proof of concert of action,'" Floyd v. Commonwealth, 219 Va. 575, 582, 249 S.E.2d 171, 175 (1978) (quoting United States v. Kelley, 526 F.2d 615, 618 (8th Cir. 1975)), and "[w]hen the record shows facts from which the existence of a conspiracy could reasonably be inferred, the case will not be reversed because proof of the conspiracy came at the wrong time," id. at 583, 249 S.E.2d at 175.

Appellant contends the trial court erroneously permitted Carl Stotmesiter and Marlo McQuillar to testify about hearsay statements Joni Grizzard and other alleged co-conspirators made "because the Commonwealth had failed to establish a *prima facie* case that a conspiracy existed prior to or subsequent to the introduction of the hearsay statements." Appellant also contends this Court should overturn the co-conspirator's exception to the hearsay rule in light of "the decisions in Lilly v. Commonwealth, 527 U.S. 116 (1999)[,] and Crawford v. Washington, 541 U.S. 36 (2004)." Appellant's counsel failed, however, to make either of these arguments at trial. On brief on appeal, he cites pages 9, 11, and 21 to 24 of the appendix as reflecting preservation of his claim that the trial court "erred in permitting the Commonwealth to introduce statements made by Grizzard and other co-conspirators." These passages fail to support his claim that he preserved for appeal the state hearsay objection or his request that the co-conspirator's exception to the hearsay rule be overturned.

When appellant's counsel objected generally that Stotmesiter's testimony about what Grizzard said was hearsay, the Commonwealth responded, "we are now dealing with co-conspirator exceptions to the hearsay rule, which is that any statement of a coconspirator [in] furtherance of the conspiracy . . . is admissible against other members of the conspiracy. So . . . I would suggest to the Court that it is not hearsay." Appellant responded as follows:

> That is the position of Virginia law; however, this situation, *the statements that this defendant would make against my client*

*are obviously admissible*, because there's no proffer.  But if he's going to testify about what other co-conspirators say, and they're not subject to cross examination, then it does not survive a hearsay problem, even though, under the Virginia law it's a firmly rooted exception.

In Crawford v. Washington, the Court ruled that even though it might fit into a firmly rooted hearsay as an exception, if the person's not there to be subject to cross examination, it violates the defendant's Sixth Amendment right; and therefore, is inadmissible even in, regardless of what the state law is.

\*     \*     \*     \*     \*     \*     \*

And, therefore, Your Honor, the statements he made about other co-conspirators in this case I would say are hearsay and, therefore, inadmissible in [appellant's] trial.

(Emphasis added).  Thus, appellant's trial counsel conceded the challenged testimony was admissible under Virginia hearsay law, and he contended it was inadmissible only because, "if the person's not there to be subject to cross examination, it violates the defendant's Sixth Amendment right [to confrontation]."  These statements were insufficient to preserve for appeal his present claims that the evidence failed to establish a *prima facie* case of conspiracy to distribute cocaine and that the state co-conspirator's hearsay exception "should be overturned." See Rule 5A:18; Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992) (holding a party must object with specificity to give the trial court an opportunity to rule in order to avoid unnecessary appeals and retrials).  Accordingly, we consider on the merits only appellant's Confrontation Clause claim.

The Sixth Amendment's Confrontation Clause, a "procedural guarantee" that also "applies to state prosecutions," Michels v. Commonwealth, 47 Va. App. 461, 466, 624 S.E.2d 675, 678 (2006), provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him," U.S. Const. amend. VI.  The United States Supreme Court's decision in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158

L. Ed. 2d 177 (2004), "clarified the test for 'determining whether the admission of hearsay,' an out-of-court statement offered to prove the truth of the matter asserted, 'violates the accused's right[s] under the Confrontation Clause.'" Jasper v. Commonwealth, 49 Va. App. 749, 754, 644 S.E.2d 406, 409 (2007) (quoting Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004)).

> "[W]hen the declarant appears for cross-examination at trial," stated the Court, "the Confrontation Clause places no constraints at all on the use of his prior . . . statements." However, if the declarant does not appear for trial and the statement is testimonial in nature, "the Sixth Amendment demands what the common law required: [proof of the] unavailability [of the declarant] and a prior opportunity for cross-examination."

Id. (quoting Crawford, 541 U.S. at 59 n.9, 68, 124 S. Ct. at 1369 n.9, 1374, 158 L. Ed. 2d at 197 n.9, 203). If the statement is non-testimonial, the Confrontation Clause is not implicated by admission of the statement into evidence without an opportunity for cross-examination. Davis v. Washington, 547 U.S. 813, 823-24, 126 S. Ct. 2266, 2274-75, 165 L. Ed. 2d 224, 237-38 (2006); see Anderson v. Commonwealth, 274 Va. 469, 478, 650 S.E.2d 702, 707 (2007).

Although the Court has not "spell[ed] out a comprehensive definition of 'testimonial,'" it has held "the term . . . applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a formal trial; and to police interrogations." Crawford, 541 U.S. at 56, 68, 124 S. Ct. at 1367, 1374, 158 L. Ed. 2d at 195-96, 203; see also Magruder v. Commonwealth, 275 Va. 283, 295, 657 S.E.2d ___, ___ (2008). "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Crawford, 541 U.S. at 51, 124 S. Ct. at 1364, 158 L. Ed. 2d at 192. The Court has also recognized several categories of evidence as non-testimonial, including questioning by law enforcement officers for the purpose of addressing an ongoing emergency during a 911 call, see Davis, 547 U.S. at 826-28, 126 S. Ct. at 2276-77, 165 L. Ed. 2d at 239-41, business records, and "*statements in furtherance of a conspiracy*," Crawford, 541 U.S. at 56, 124

S. Ct. at 1367, 158 L. Ed. 2d at 195-96 (emphasis added). Because the United States Supreme Court has determined that the state hearsay exception for statements made in furtherance of a conspiracy involves hearsay that is non-testimonial, see also, e.g., United States v. Sullivan, 455 F.3d 248, 258 (4th Cir. 2006), the admission of Stotmesiter's and McQuillar's testimony concerning the statements of Grizzard made in furtherance of the conspiracy does not implicate the Confrontation Clause in this case. Thus, regardless of whether Grizzard was unavailable to testify at trial, the admission of her hearsay statements in furtherance of the conspiracy did not implicate appellant's Confrontation Clause rights.

For these reasons, we hold appellant failed to preserve for appeal his state hearsay claim and his challenge to the ongoing validity of the co-conspirator's exception to the state hearsay rule. We also hold that appellant's Confrontation Clause claim, although preserved, lacks merit. Because co-conspirator's statements involve non-testimonial evidence, the Confrontation Clause is not implicated, and it matters not whether the evidence established the declarant was unavailable for trial. Thus, we affirm appellant's conviction.

<u>Affirmed.</u>