## Charlottesville

### EARL ROBINSON

v.

### COMMONWEALTH OF VIRGINIA

No. 0157-91-2

Decided January 28, 1992

COUNSEL

Joseph W. Kaestner (Kaestner, Galanides and Spieth, on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—Earl Robinson was convicted in a jury trial of first degree murder in violation of Code § 18.2-32 and of use of a firearm during the commission of a felony in violation of Code § 18.2-53.1. The trial judge sentenced him, in accordance with the jury's verdict, to twenty-five years in the penitentiary for the murder conviction and two years for the firearm offense. Robinson contends that the trial court erred by failing to grant his motion for a mistrial when the Commonwealth's attorney repeatedly asked improper questions about Robinson's and his brother's involvement in unrelated drug transactions. We hold that a manifest probability exists that the prosecutor's repeated questions, which interjected irrelevant and inflammatory implications about Robinson into the case, prejudiced the jury and denied Robinson a fair trial. Therefore, we reverse his convictions and remand the case to the trial court for such action as may be deemed appropriate.[1]

---

[1] By remanding the case, we express no opinion as to whether a retrial would be barred by the double jeopardy clause. *See MacKenzie v. Commonwealth*, 8 Va. App. 236, 239-40, 380 S.E.2d 173, 175 (1989).

## I. *Procedural Issue*

The Commonwealth argues that appellate review of the mistrial issue is procedurally barred by Rule 5A:18 because Robinson failed to object to the trial judge's taking the mistrial motion under advisement. The Commonwealth contends that by waiting until the jury rendered its verdict before renewing the motion for a mistrial, the appellant waived the motion. We reject these contentions.

■ The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and to take timely corrective action, if warranted, in order to avoid unnecessary appeals, reversals and mistrials. *Hogan v. Commonwealth*, 5 Va. App. 36, 45, 360 S.E.2d 371, 376 (1987). Robinson's counsel objected to each incident in which the Commonwealth's attorney asked an improper question or a witness made an improper reference that Robinson or his witness dealt in drugs or had the reputation of dealing in drugs. After the first incident, Robinson's counsel objected and moved for a mistrial. The trial judge sustained the objection, admonished the jury to disregard the witness' answer, and took the motion for a mistrial under advisement. Thereafter, Robinson's counsel objected to two similar incidents and twice renewed his motion for a mistrial because of repeated improper questions and improper responses by witnesses. Both mistrial motions were made before the case was submitted to the jury. The trial judge also took the second and third motions for a mistrial under advisement. Finally, after the jury rendered its guilty verdicts, Robinson's counsel again moved for a mistrial and the court overruled the motions.

■ Robinson's counsel did all that was necessary to "lay his finger on" and to call to the attention of the trial judge the error complained of, the reason therefor, and the relief sought. The trial judge had the opportunity to address the mistrial issue. The trial judge fully understood the problem and, by sustaining the objections and admonishing counsel, attempted to correct the error and prevent its recurrence. However, despite the trial judge's rulings and admonition, the Commonwealth's attorney persisted in an improper line of character impeachment of the accused and of his witness. Having raised the issue on three separate occasions before the jury reached its verdict, and having taken no action that might

be construed as a waiver, Robinson did all that was required to preserve the issue for appeal and did not waive his claim by not insisting that the trial judge rule on the motion he had taken under advisement. Defense counsel had every right to expect that the trial judge would rule on the motion when the judge deemed appropriate. It is not uncommon for trial judges to defer ruling on mistrial motions until after the jury has reached a verdict, thereby possibly obviating the need for a retrial should the verdict result in an acquittal. To require counsel to object to a trial judge's decision to take a motion for a mistrial under advisement, as the Commonwealth asks us to do, is not required to comply with Rule 5A:18. We will not adopt such a procedural requirement.

## II. *Substantive Issue*

Robinson contends that the trial court erred in denying his motions for a mistrial. The trial court's denial of a motion for a mistrial will not be reversed on appeal unless there exists a manifest probability that the denial was prejudicial to the accused. *Harward v. Commonwealth*, 5 Va. App. 468, 478, 364 S.E.2d 511, 516 (1988). Three incidents occurred at trial which were improper and were the grounds of separate objections and motions for a mistrial.

First, during the direct examination of Marvin Carter, a friend of the homicide victim, the Commonwealth's attorney asked, "What was the defendant's reputation for peacefulness and tranquility?" The witness responded, "His reputation, he was known for dealing drugs." While nothing in the record suggests that the prosecutor anticipated the response or encouraged the witness to interject this improper comment about drugs, subsequent events suggest that the incident was part of a deliberate attempt by the prosecutor to interject irrelevant and highly prejudicial evidence that Robinson and his brother, who was a defense witness in the case, dealt in drugs. Robinson's counsel immediately objected to the evidence and moved for a mistrial. The trial judge sustained the objection, told the jury to disregard the remark, and took the motion for a mistrial under advisement.

Next, during cross-examination of Robinson, the Commonwealth's attorney asked him, "Did you traffic in narcotics?" Defense counsel objected and again moved for a mistrial. The trial judge sustained the objection and admonished counsel not to con-

tinue to ask improper questions about unrelated criminal activity. The judge did not rule on the mistrial motion at the time.

Finally, in rebuttal, the Commonwealth's attorney called Susan Hazdalenka as a witness and asked her about James Draugh's (a defense witness) reputation for truthfulness, to which she responded, "Extremely poor. Mr. Draugh was known to be involved. . . ." Defense counsel objected, and the court sustained his objection. Despite the trial judge's rulings, the Commonwealth's attorney persisted and asked Ms. Hazdalenka about Robinson's brother, Chucky: "Did you ever have occasion to see Chucky involved in the distribution of narcotics?" Again, defense counsel objected and renewed his motion for a mistrial. The court again sustained the objection and took Robinson's motion under advisement. After the jury returned the guilty verdicts, Robinson renewed his motion for a mistrial. The court overruled the motion.

Marvin Carter's testimony regarding Robinson's involvement in the drug trade, while improper and potentially prejudicial to Robinson, was, insofar as we can tell from the record, unsolicited by the Commonwealth's attorney. The trial judge instructed the jury to disregard Carter's testimony. We assume that the jury followed the trial court's instruction. Consequently, standing alone, no manifest probability of prejudice may be attributed to Marvin Carter's testimony. *See LeVasseur v. Commonwealth*, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), *cert. denied*, 464 U.S. 1063 (1984).

■ However, the Commonwealth's attorney's cross-examination of Robinson and his questions of Ms. Hazdalenka about Robinson's brother's alleged trafficking in narcotics are different matters. These questions solicited irrelevant and highly prejudicial matters. No evidence was presented that the homicide and shootings which occurred were drug related. If the Commonwealth intended to establish that a dispute over drugs was the motive for the shooting, it should have presented evidence of a nexus between the two. This it did not do. The Commonwealth may not, as the trial judge ruled and admonished counsel, ask questions or present evidence of unrelated criminal activity that does nothing more than impugn the character of the accused and his witnesses.

Since no evidence was introduced that drugs were involved in the shooting incident, the only conceivable purpose of the ques-

tions by the Commonwealth's attorney was to inflame the passions of the jury against the accused and his witness. The questions were designed to elicit evidence to show that the accused and his witness were of bad character. They represented the prosecutor's patent effort through innuendo and insinuation to paint the accused and his witness as drug dealers.

The trial judge, after the incident with Ms. Hazdalenka, noted that the issue of drugs was being "smeared" in the case without any evidence to substantiate the allegations and insinuations of drug involvement. The trial judge did not, however, instruct the jury to disregard the implications of the questions posed to Robinson or Hazdalenka, nor did the trial judge grant Robinson's renewed motion for a mistrial.

When a Commonwealth's attorney, the people's lawyer and an elected official, repeatedly asks questions which insinuate and imply that the accused and his witness are persons of bad character involved in criminal drug trafficking, the questions themselves suggest a basis in fact because, by continuing to ask the questions, the jury reasonably may assume that the prosecutor has some basis to believe that the persons are involved in drug trafficking. Based on the improper line of questioning on the part of the Commonwealth's attorney, the fact that such questioning was not an isolated incident, and in the failure of the trial judge to instruct the jury to disregard such questions, we conclude that a manifest probability exists that Robinson was prejudiced by the line of questioning. Thus, the trial judge erred by not declaring a mistrial because the questions, insinuating that Robinson and his witness were involved in criminal activity unrelated to the offense or offenses being tried, may have confused the jury as to the issues properly before it and prejudiced the jurors against Robinson by portraying him as a person with a propensity to commit crimes.

For the foregoing reasons, we reverse Robinson's convictions and remand the case for whatever action the Commonwealth deems advisable.

*Reversed and remanded.*

Barrow, J., and Moon, J., concurred.