COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia


PATRICK J. SWEENEY

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2196-98-4             JUDGE DONALD W. LEMONS
                                          FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
               Arthur B. Vieregg, Jr., Judge

          Elwood Earl Sanders, Jr., Appellate Defender
          (S. Jane Chittom, Appellate Counsel; Public
          Defender Commission, on briefs), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Patrick Sweeney was tried and convicted by a jury on May

19, 1998 of statutory burglary and grand larceny.  On appeal,

Sweeney contends the trial court abused its discretion by

denying his "suggestion" for additional examination of the jury

to determine if the prospective jurors were affected by the

comments of another prospective juror.  For the reasons stated

below we find no reversible error and affirm the convictions.

     The trial court asked if any prospective jurors knew of any

reason why they could not give a fair and impartial trial based

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"solely upon the law and evidence." Prospective juror Moskowitz responded affirmatively, stating, "I don't believe I represent either the defendant or the plaintiffs in this trial nor do the other people sitting here." Moskowitz was asked to approach the bench and indicated that he was not sure that he could give an impartial trial because he saw "eighteen white faces sitting on this . . . ." Moskowitz was then told by the judge, at the Commonwealth's urging and in the presence of both of the defendant's counsel, to "keep his voice down." Moskowitz then explained that he had lived in Africa for a time, had previously sat on two trials in the District of Columbia and felt that those experiences would affect his ability to try the case. The parties agreed that Moskowitz should be stricken for cause.

Voir dire continued, and defense counsel asked the jurors if any of them had been a victim of a crime. Juror Olson responded affirmatively, explaining that her home had been burglarized, that the experience had been "distressful" and that the police never found the burglar. The court asked Olson to approach the bench and questioned her further. Olson stated: "I will tell you that the person who was identified that broke into our house but never did – was black. They never could locate him, but they knew who it was."

Following that examination, defense counsel raised the issue of whether Olson might have been speaking loudly enough for other jurors to hear. The court asked defense counsel if it

- 2 -

should "inquire of the entire panel whether they indeed heard anything that was said." Defense counsel stated, "That is certainly one way to deal with it, . . . ." When asked by the court whether defense counsel had a better way to deal with the problem, counsel stated, "No." The court explained, "What I am considering, but have not decided, would be to frame a question asking whether anyone heard what Ms. Olson said here at the bench, and then, if someone did, then what we'd have to do is follow that up." Defense counsel "suggested" that the court should also ask whether Moskowitz's comments were heard. The court refused this suggestion stating, "If you had wanted to do that, you might have done it earlier, [ ], and you did not." No reasons were given to substantiate why Moskowitz's statements, if heard, were potentially prejudicial to the defendant. The trial judge then asked whether any of the jurors had heard Olson's statements. Those jurors who indicated they had were examined further.

Sweeney contends on appeal that the trial court abused its discretion when it did not allow him to examine potential jurors concerning whether they heard the remarks by Moskowitz at the bench conference. Counsel's "suggestion" that the court ask the potential jurors if they heard Moskowitz's statements was not untimely. The panel had not been sworn and seated and any problem with the seating of a particular juror could have been resolved at that time.

Furthermore, we find that the trial judge was given the opportunity to consider the issue and take timely corrective action, if necessary.  See Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992).  For the purposes of Rule 5A:18, counsel's "suggestion" was sufficient to preserve the claim of error on appeal.

However, we find no error in the refusal to question the venire about Moskowitz's remarks.  First, appellant's counsel acknowledged that Moskowitz did not speak as loudly as Olson, a fact that made it less likely that the remarks were overheard and that prejudice could result.  Second, appellant did not proffer at trial, nor advance on appeal, a plausible reason why Moskowitz's remarks, if heard, would prejudice the venire.  Third, all venire members who may possibly have overheard the comments stated that they could give appellant a fair and impartial trial.  What prejudice might have existed if the comments had been heard are speculative at best.  "Questions asked on voir dire are subject to the control of the trial court.  No court is required to ask questions that are tied only speculatively to prejudice."  Bennett v. Commonwealth, 236 Va. 448, 469-70, 374 S.E.2d 303, 316-17 (1988) (citations omitted).

Finding no reversible error, the convictions are affirmed.

Affirmed.