COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


EDWARD T. PITCHFORD
                              MEMORANDUM OPINION* BY
v.    Record No. 1582-01-1      JUDGE LARRY G. ELDER
                                SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                   D. Arthur Kelsey, Judge

          Joseph R. Winston, Special Appellate Counsel
          (Public Defender Commission, on briefs), for
          appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Edward T. Pitchford (appellant) appeals from his bench

trial convictions for possession of cocaine with intent to

distribute, possession of a firearm while in possession of

cocaine with intent to distribute, and possession of a firearm

after having been convicted of a felony.[1]  On appeal, he contends

the evidence was insufficient to prove his constructive

possession of the firearm and cocaine found in the residence.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant pleaded guilty to possession of hashish and
misdemeanor possession of marijuana.  He does not challenge
those convictions on appeal.

We hold that appellant preserved this argument for appeal, but we conclude the evidence was sufficient to prove appellant resided in the house in which the firearm and cocaine were found. Thus, we affirm the challenged convictions.

I.

PRESERVATION OF ISSUES FOR APPEAL

The Commonwealth contends appellant failed to preserve for appeal his claim that the evidence was insufficient to prove he constructively possessed the cocaine found inside the residence at 103 Hawk Lane. We disagree and hold that appellant's post-trial motion, made orally at the sentencing hearing, was sufficient under Rule 5A:18 to preserve this issue for appeal.

In argument on appellant's post-trial motion, appellant emphasized that "the only thing he had on him was a very small amount of drugs," that his wife was found guilty of possessing cocaine with intent to distribute based on her own admission, and that no evidence proved he had access to the premises in which the gun and larger quantity of drugs were found. The trial court considered the motion in the context of both the firearms convictions and the cocaine possession conviction, noting "the law is settled that joint possession is sufficient for the convictions of both [appellant and his wife,] . . . [w]hich is what I held [on the charge of possession of cocaine with intent to distribute], and likewise with the weapon." When appellant again focused the court's attention on the lack of

-

evidence that appellant had access to the residence, he did so in the context of the firearms charges, but the court clearly reconsidered in the context of all the charges, noting that it had "found [appellant] guilty . . . of cocaine possession and . . . having a weapon while being in . . . constructive possession of cocaine."

The primary purpose of Rule 5A:18 is to give the trial court the opportunity to correct its errors in order to avoid unnecessary appeals and reversals. See, e.g., Robinson v. Commonwealth, 13 Va. App. 574, 576-77, 413 S.E.2d 885, 886-87 (1992). Because the record establishes the trial court had that opportunity here in regard to the sufficiency of the evidence to prove constructive possession of the cocaine and firearm found inside the residence, we hold Rule 5A:18 has been satisfied, and we reach the merits of this issue.

## II.

### SUFFICIENCY OF THE EVIDENCE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Circumstantial evidence is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence flowing from the evidence. Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27,

-

29 (1993).  The only reasonable hypothesis flowing from the evidence in this case is that appellant resided at 103 Hawk Lane and was aware of the presence of the firearm under the mattress, as well as the large quantity of cocaine and distribution paraphernalia in plain view nearby, and that both the gun and the drugs were subject to his dominion and control.

A.

APPELLANT'S RESIDENCE

Despite appellant's argument to the contrary, his counsel stipulated, and the evidence proved, that he resided at 103 Hawk Lane.  While the officers were at 103 Hawk Lane to execute the warrant, appellant departed his nearby place of employment and arrived at the residence to sell a car to three men he had arranged to meet there.  When Officer Sandra Gilluly was asked at trial to identify the location at which appellant stopped his vehicle, she said she would have to refer to her notes. Appellant's counsel said, "We would stipulate that it was the defendant's -- 103 --," and Officer Gilluly then said, "103 Hawk[] Lane."  The Commonwealth's attorney responded, "I'll move along then."

Evidence in addition to this stipulation proved that 103 Hawk Lane was appellant's residence.  Investigator Joseph Coleman identified the residence as appellant's.  A Virginia Power bill found in appellant's car bore his name and the 103 Hawk Lane address, as did a W-2 Form for the immediately

-

preceding tax year of 1998, which was found in the living room of the residence during the February 5, 1999 search.  Finally, when Officer C.S. Patterson asked appellant whether they would find any firearms in the residence, appellant responded that "only one" firearm was in the house, that it was under the mattress in the back bedroom, and that his wife used it "for her protection when he was gone."  Therefore, in addition to the circumstantial evidence that appellant resided at 103 Hawk Lane, appellant's express statement that he was aware of the number of firearms in the house and that his wife kept a gun beneath the mattress because he sometimes "was gone" from the residence constituted an admission that he resided there with his wife.

The record also belies appellant's argument that the trial court improperly shifted the burden of proof on this issue to him.  Although the court asked during appellant's post-trial argument, "Was there any proffer made at trial that [103 Hawk Lane] was not his residence?", the court's subsequent statements made clear that it required the Commonwealth to prove appellant's "guilt beyond a reasonable doubt."  Noting appellant's arrival at the residence while the officers were there to execute the warrant, appellant's admitted awareness of the gun beneath the mattress,[2] and "the information on the bills

_____

[2] The trial court erroneously characterized the evidence as proving "[appellant] [had] bought [the gun] for his wife."  In fact, the evidence established only that appellant said his wife kept the weapon beneath the mattress and that it was for her

-

. . . [and] other invoice-like information suggest[ing] it was his residence," the court said that it "[gave] every reasonable hypothesis of innocence to [appellant]" and that "[it] just [could not] fathom that [appellant's counsel] [did not] think the circumstantial evidence was sufficient for a finding of guilt beyond a reasonable doubt."

## B.

### CONSTRUCTIVE POSSESSION

The evidence also proved appellant was aware of the presence and character of the cocaine and firearm in the house and that both were subject to his dominion and control.

The possession necessary to support convictions for the possession of cocaine pursuant to Code § 18.2-248 and the simultaneous possession of cocaine and a firearm pursuant to

---

protection when he was gone; it did not establish who purchased the weapon. However, appellant failed to bring this error to the trial court's attention, see Rule 5A:18, and in any event, the trial court's erroneous belief was harmless error.

As appellant conceded on brief, his supposed prior actual possession of the firearm on an unknown date was insufficient to prove either that he possessed the firearm after having been convicted of a felony or that he possessed the firearm while he possessed cocaine. Further, as discussed infra in the text, the evidence was sufficient to prove appellant constructively possessed the firearm on the date he told police it was beneath the mattress. Based on the presumption that the trial court knows and has properly applied the law to the facts, in the absence of evidence to the contrary, see Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977), we conclude "'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained,'" Williams v. Commonwealth, 32 Va. App. 395, 399, 528 S.E.2d 166, 168 (2000) (en banc) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705 (1967)).

-

Code § 18.2-308.4 may be actual or constructive. See, e.g.,

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368

(en banc). Establishing constructive possession requires proof

"that the defendant was aware of both the presence and character

of the [item] and that it was subject to his dominion and

control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d

739, 740 (1984). A person's ownership or occupancy of premises

on which the subject item is found, proximity to the item, and

statements or conduct concerning the location of the item are

probative factors to be considered in determining whether the

totality of the circumstances supports a finding of possession.

Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826,

831-32 (1997). Possession "need not always be exclusive. The

defendant may share it with one or more." Josephs v.

Commonwealth, 10 Va. App. 87, 89, 390 S.E.2d 491, 497 (1990) (en

banc).

Appellant admitted that a firearm was located beneath the

mattress in the back bedroom. When the police searched that

bedroom, they found that firearm beneath the mattress and box

springs of a double or queen-sized bed, precisely where

appellant said it would be. The presence of the firearm "in

[appellant's] house," coupled with his statement to "the police

[that] they could find it [beneath the mattress in the back

bedroom], . . . was sufficient . . . to establish that

[appellant] had knowledge of the presence of the [firearm], and

-

that [it] was subject to his dominion and control." _Davis v._
_Commonwealth_, 12 Va. App. 728, 733, 406 S.E.2d 922, 924-25
(1991) (emphasis added) (upholding conviction for possession of
marijuana where accused told police they would find it in his
basement, despite presence in house of accused's wife and a
friend who claimed at trial that the marijuana belonged to him
rather than to the accused).  Although appellant, a convicted
felon, said the weapon belonged to his wife, the trial court was
entitled to reject this statement.  The only reasonable
hypothesis flowing from the remaining evidence is that appellant
exercised at least joint possession of the weapon.

The evidence also proved appellant was aware of the
presence and character of the cocaine in the house and that it
was subject to his dominion and control.  The police found a
large quantity of cocaine, marijuana, scales bearing white
residue, and one-inch plastic baggies in plain view in the same
bedroom in which appellant told them they would find the
firearm.  The fact that police found cocaine on appellant's
person and cocaine and marijuana in his vehicle established his
familiarity with those substances and indicated his awareness of
the nature and character of the cocaine and marijuana in plain
view in the bedroom, as well.

For these reasons, we hold the evidence was sufficient to
prove that appellant constructively possessed both the firearm

-

and the cocaine in the bedroom.  Thus, we affirm the challenged convictions.

Affirmed.