COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


ULYSSES LEE KEELING

                                                      MEMORANDUM OPINION* BY
v.        Record No. 1876-02-1                        JUDGE LARRY G. ELDER
                                                      DECEMBER 9, 2003
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Von L. Piersall, Jr., Judge

                Joseph R. Winston, Special Appellate Counsel (Public Defender
                Commission, on briefs), for appellant.

                Stephen R. McCullough, Assistant Attorney General (Jerry W.
                Kilgore, Attorney General, on brief), for appellee.


        Ulysses Lee Keeling (appellant) appeals from the sentence imposed upon the revocation

of a suspension of sentence.  On appeal, he contends the trial court incorrectly calculated the

amount of time remaining on his original sentence because it failed to credit him for time spent

in the Detention Center Incarceration Program (the program) pursuant to Code § 19.2-316.2.  We

hold appellant failed to present this claim to the trial court and that Rule 5A:18 prevents us from

addressing it on appeal.  Thus, we affirm without reaching the merits and remand to the trial

court for the limited purpose of correcting a clerical error in its order of September 27, 2000, in

keeping with the Commonwealth's concession outlined below in Part I.

        I.  CREDIT FOR SIX MONTHS OF TRADITIONAL INCARCERATION

        The September 27, 2000 order revoking appellant's probation contained an error in that it

sentenced appellant to serve two years.  Appellant's original sentence of March 12, 1999 was

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

two years with one year six months suspended, and appellant served six months of that two-year sentence. Thus, in its order of September 27, 2000, the court had the authority to sentence appellant to only one year six months rather than two years.

The Commonwealth concedes error in the trial court's September 27, 2000 order insofar as that order recites a remaining sentence of two years rather than one year six months. It avers that no prejudice resulted to appellant because the June 27, 2002 order revoking appellant's probation imposed a sentence of one year six months. Nevertheless, the Commonwealth does not oppose the correction of the September 27, 2000 order to reflect that the sentence remaining at that time was one year six months rather than two years. Thus, we remand to the trial court for correction of this error in the September 27, 2000 order in keeping with the Commonwealth's concession.

## II. CREDIT FOR TIME IN DETENTION CENTER INCARCERATION PROGRAM

Appellant contends the trial court erred in failing to credit him for the time he spent in the program. The Commonwealth avers that he failed to preserve this issue for appeal because he did not raise it in the trial court prior to entry of the June 27, 2002 order. Appellant concedes he did not raise the issue in the trial court. However, he points to the fact that a sentence exceeding the statutory maximum may be challenged for the first time on appeal. He avers that where the sentence imposed in a revocation order exceeds the sentence imposed in the original sentencing order, the sentence should also be subject to challenge for the first time on appeal to attain the ends of justice.

We hold that appellant's failure to raise the issue in the trial court prevents us from considering it on appeal.[1] Rule 5A:18 provides that "no ruling of the trial court . . . will be

---

[1] After we granted the petition for appeal, we allowed appellant to seek correction of a clerical error in the trial court. We do not consider the contents of the order of correction in

considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." The purpose of the rule is to allow the trial court to consider the issue and take corrective action in order to avoid unnecessary appeals, reversals and mistrials. See, e.g., Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992).

As appellant concedes, he did not raise this issue in the trial court in a timely fashion. Further, because appellant's total sentence for possession of cocaine, including the time he spent in the program, did not exceed the statutory maximum of ten years for that offense, see Code §§ 18.2-10, 18.2-247, 18.2-250, 54.1-3448, the ends of justice exception to Rule 5A:18 does not apply. See Nuckoles v. Commonwealth, 12 Va. App. 1083, 1086-87, 407 S.E.2d 355, 356-57 (1991) (in case considering court's authority to impose jail time as condition of suspension of sentence, upholding revocation of suspension where sentence imposed on revocation did not exceed statutory maximum for offense). Accordingly, we hold the assignment of error is barred.

III.

For these reasons, we affirm the trial court's ruling without considering appellant's claim that the trial court erroneously refused to credit him for time spent in the Detention Center Incarceration Program. We remand to the trial court for the limited purpose of correcting the error in its order of September 27, 2000, in keeping with the Commonwealth's concession as outlined *infra* in Part I.

Affirmed and remanded with instructions.

---

determining whether appellant preserved for appeal the issue of whether he was entitled to credit for time spent in the program.