COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


EDWIN MILLER

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2376-09-1                     JUDGE LARRY G. ELDER
                                                    SEPTEMBER 20, 2011
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              A. Bonwill Shockley, Judge

            Kenneth L. Singleton for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Edwin Miller (appellant) appeals from his jury trial convictions for aggravated malicious

wounding of Turner Purnell in violation of Code § 18.2-51.2(A) and malicious wounding of

Brandon Williams in violation of Code § 18.2-51.[1]  On appeal, he contends the trial court

erroneously admitted into evidence a summary of information from the victims' medical records

and erroneously informed the jury that the summary was an agreed stipulation of the evidence

despite appellant's objection to admission of the stipulation.  We hold appellant failed to

preserve these issues for appeal.  Thus, we affirm.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also was convicted for misdemeanor assault and battery of a third person.
Although appellant contends all three of his convictions should be reversed, the assignments of
error before us concern only appellant's felony convictions, and appellant does not explain how
the claimed errors adversely impacted his misdemeanor conviction.  Thus, we do not consider
the misdemeanor conviction in this appeal.

Rule 5A:18 requires that an objection must be raised with specificity at trial in order to preserve that objection for appeal. E.g., Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994).

> Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc) (citations omitted), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004). The purpose of Rule 5A:18 is to avoid unnecessary appeals, reversals, and mistrials by requiring litigants to inform the trial judge of the action complained of so that the judge has the opportunity to consider the issue intelligently and take timely corrective action. Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992). Although Rule 5A:18 has an ends of justice exception, we may not invoke that exception *sua sponte*. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

At trial, appellant's counsel indicated in argument outside the presence of the jury that he agreed to the jury's being told "a person had received treatment" but that he "didn't see where [the cases actually said] that you could talk about where the injury was." Appellant's counsel endorsed the document titled "Stipulation" as "Seen and OBJECTED," but he did not particularize any objection on the face of the document, and he did not object when the trial court told the jury that "the Commonwealth and the defense reached a stipulation, which means *they're agreeing* to the following evidence." (Emphasis added). Had appellant registered a contemporaneous objection to the use of the term "stipulation" and the court's statement that the parties were "agreeing" to the medical evidence recited in the stipulation, the trial court could have issued a corrective instruction at that time, and it would have been presumed that the jury

followed that instruction.  See, e.g., LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983); cf. Saunders v. Commonwealth, 218 Va. 294, 303, 237 S.E.2d 150, 156 (1977) ("The rule in Virginia is well established that a judgment will not be reversed for the admission of evidence or for a statement of counsel which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence or statement has been prejudicial to the adverse party.").  Because appellant failed to object in a timely fashion at trial, the court had no opportunity to correct its improper use of terminology.  Thus, Rule 5A:18 prevents us from addressing this issue on appeal.

Appellant also contends for the first time on appeal that hospital records custodian Shelby Davis-Myers gave no testimony authenticating the medical records of victim Purnell.  Again, if appellant had raised this objection at trial, the Commonwealth would have had an opportunity to remedy this alleged failure by recalling Davis-Myers and offering additional foundational testimony.  Because appellant failed to register a timely objection on this ground, we hold he waived this objection for purposes of appeal.

Finally, appellant argues that although "[t]he medical report[s] could have possibly been entered into evidence under a business document exception," "*the summary* was not a business document and so not an acceptable exception to the hearsay rule."  (Emphasis added).  As a result, contends appellant, the trial court abused its discretion by admitting the summary into evidence over appellant's objection.  The Commonwealth argues appellant failed to preserve this issue for appeal because he objected at trial not to the use of the summary itself but to "*the content* that's allowed to be in the [summary] stipulation."  (Emphasis added).  We agree. Appellant argued at trial that the summary could state the fact that "this person on this date and time received treatment from this hospital" but could not describe the "actual injuries" allegedly sustained, objections that applied equally to the admissibility of the medical records themselves

and which appellant had, in fact, earlier made to the admissibility of those records. Appellant

registered no objection to the admission of this information in summary form rather than via the

redacted medical records. Thus, he failed to preserve for appeal his objection to the admission of

a summary of the medical records rather than the medical records themselves.[2]

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>

---

[2] In any event, the types of medical information contained in the summary, including the date, time, description of injury, and treatment provided, were admissible in evidence under the business records exception. <u>See, e.g.</u>, <u>Neeley v. Commonwealth</u>, 215 Va. 565, 571, 211 S.E.2d 100, 106 (1975). The Supreme Court has also approved the use of excerpts from business records. <u>See</u> <u>"Automatic" Sprinkler Corp. v. Coley & Peterson, Inc.</u>, 219 Va. 781, 794, 250 S.E.2d 765, 773 (1979). Finally, even assuming the admission was error, any error was harmless because the content of the challenged evidence was merely cumulative of other unchallenged evidence. <u>See</u> <u>Schindel v. Commonwealth</u>, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979). That evidence included the testimony of victim Purnell about the injuries and treatment he received and the testimony of Purnell and witness Harris identifying Commonwealth's Exhibits 1 through 4, photographs of victims Purnell and Williams, as accurately depicting the injuries the two men suffered in the altercation with appellant. DNA evidence also confirmed that appellant had droplets of blood from both Purnell and Williams on his pants. Appellant's theory of the case in closing was not that the men had not been injured but that someone other than appellant had been the assailant.