COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Athey and Senior Judge Frank
Argued by videoconference


DAIVON RENEE LUCAS

MEMORANDUM OPINION[*] BY
v.      Record No. 0647-20-4          JUDGE WILLIAM G. PETTY
JULY 13, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Shalev Ben-Avraham, Senior Assistant Public Defender, for
appellant.

Mason D. Williams, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Daivon Renee Lucas appeals the trial court's decision to reimpose the balance of her

sentence and its refusal to re-suspend any of that sentence. She argues that the court erred in failing

to indicate on the record that it had considered mitigating evidence. For the reasons below, we

affirm.

I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite below only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the disposition of this appeal. On

appeal, we review the evidence in the "light most favorable" to the Commonwealth. Holloway

v. Commonwealth, 57 Va. App. 658, 663 (2011) (*en banc*).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 2013, Lucas was convicted in the Circuit Court of Arlington County of credit card theft in violation of Code § 18.2-192 and identity theft in violation of Code § 18.2-186.3. The court sentenced her to three years for the credit card theft, with all suspended for four years, and twelve months for the identity theft, with all but time served suspended for four years. The court placed Lucas on four years of supervised probation, on the special condition that she was not to leave the Commonwealth without first resolving other charges and meeting with the probation officer.

Later in 2013, Lucas's probation was transferred to California. She then travelled to Pennsylvania without permission and was convicted there in 2016 of access device fraud, theft by deception, and giving false identity to law enforcement. In December 2016, based upon a major violation report submitted by Lucas's probation officer, the Circuit Court of Arlington County issued bench warrants for Lucas for violating her probation on the 2013 convictions by changing residence without permission and absconding from supervision. For reasons not entirely clear from the record, Lucas was not arrested on the warrant until 2020 and spent the intervening time in several other states.

In 2020, the probation officer submitted an addendum to the 2016 major violation report, listing multiple additional charges and convictions Lucas incurred between 2013 and 2019.[1] In 2013, Lucas was convicted in California of credit card fraud and theft by forgery. In 2015, a bench warrant was issued in California for seven charges involving theft, forgery, and giving a false identity. Later that year, she pled guilty in New Jersey to theft by deception and receiving stolen property. In 2019, Lucas was convicted and sentenced in California for theft by use of a credit card and possession of a driver's license to commit forgery. Later in 2019, after

_____

[1] This addendum was not included in the appendix in this appeal. The Commonwealth attached the addendum to the end of its appellee's brief.

presumably being extradited to Maryland for an outstanding bench warrant, she pled guilty to theft. Lucas was then extradited from Maryland to Virginia on the outstanding 2016 bench warrants.

On February 21, 2020, Lucas had a hearing in the Circuit Court of Arlington County on the probation violation report. She admitted to the allegations in the violation report and addendum and submitted mitigation evidence. Counsel for Lucas submitted that Lucas had a "two to three-year period where she started to turn it around . . . [and become] a productive member of society where she wasn't getting involved with the law." During that period, she worked in community housing in San Francisco.

The court asked whether, since 2013, Lucas had lived or visited anywhere other than Pennsylvania, New Jersey, California, or Maryland. Counsel for Lucas stated, "I don't believe so." The court then noted that "every place she's gone to[,] she [has] committed a crime."

Lucas then spoke on her own behalf, stating that she had "stayed out of jail and out of trouble for years" in between her sentences and that she had worked "three jobs in the case manager and social worker field in the city of San Francisco." She stated that she had a miscarriage in 2018 and that the child's father and two of her friends were later killed in a triple homicide perpetrated by her godbrother. Following those events, Lucas was let go from her job, and she "fell into a very deep depression." She said she "turned to alcohol" and "drank [her]self to jail." She asked the court for "another opportunity."

In response, the court stated,

> I really wish there were something the [c]ourt could do here. I wish there were something the [c]ourt could do here for you but I just see nothing. I have no alternatives; the charges of credit theft, attempted felony ID. Then you're out and every state you visit you're committing the same types of crimes.

- 3 -

The court said, "I have no alternative but to impose the balance of the time," and did so in its final order. The order also stated:

> THEREUPON the Defendant was given an opportunity to show cause why the suspended sentence should not be revoked, and the Defendant admitted the violation and the [c]ourt considered the information provided, and argument was heard by the Attorney for the Commonwealth and Attorney for the Defendant on the same.

This appeal followed.

## II. ANALYSIS

Lucas assigns error to a narrow issue: whether the trial court failed to "indicat[e] on the record that the trial court considered the mitigation in this case." She also argues that the Commonwealth should be estopped from contesting the merits of Lucas's appeal, because the Commonwealth's attorney previously acquiesced in the petition for appeal, and to change positions now would be to approbate and reprobate.[2]

We hold that Lucas failed to properly preserve her argument below and that the ends of justice exception has not been satisfied. Furthermore, we hold that the Commonwealth has not approbated and reprobated by changing positions on appeal.

### A. Lucas's Argument was Not Preserved

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."

> The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and

---

[2] The Commonwealth's attorney remained silent during the probation violation hearing and did not offer up the Commonwealth's position regarding sentencing. For reasons not entirely clear from the record, he apparently had a change of heart sometime thereafter. However, rather than conveying the Commonwealth's new position to the trial court, the Commonwealth filed a brief in support in this Court agreeing with Lucas's assignment of error and asking that the petition for appeal be granted.

to take timely corrective action, if warranted, in order to avoid unnecessary appeals, reversals and mistrials.

Robinson v. Commonwealth, 13 Va. App. 574, 576 (1992). "To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" Scialdone v. Commonwealth, 279 Va. 422, 437 (2010) (quoting Johnson v. Raviotta, 264 Va. 27, 33 (2002)). If the trial court is not given an opportunity to address the issue, then "there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526 (2006).

Lucas's assignment of error states: "The trial court erred by sentencing Ms. Lucas to all of her remaining time with no indication on the record that the trial court considered the mitigation in the case." Significantly, she does not argue that the trial court failed to give proper weight to the mitigating evidence; she just argues that the court failed to state on the record that it had considered the mitigating evidence. She contends that "[t]here is nothing in the record to show that the trial court considered any relevant, mitigating evidence submitted on behalf of Ms. Lucas."

Lucas never made this argument to the trial court. Lucas presented mitigating evidence and asked the court for another opportunity. When the court said that it had "no alternative but to impose the balance of the time," Lucas did not argue that the court had failed to state on the record that it considered her evidence. Had she done so, the trial court would have had "the opportunity to consider the issue and to take timely corrective action, if warranted, in order to avoid [an] unnecessary appeal[] [or] reversal[.]" Robinson, 13 Va. App. at 576. Because Lucas

neglected to make this argument to the trial court, when it could easily have been rectified, we will not address it here.[3]

### B. The Ends of Justice Exception Has Not Been Satisfied

Lucas asks this Court to invoke the ends of justice exception to Rule 5A:18 to reach the merits of her argument because, she argues, "a grave injustice exists" when a trial court does not state on the record that it has considered a defendant's mitigating evidence. We hold that the ends of justice exception is not applicable here.

> Rule 5A:18 permits us to overlook the appellant's failure to preserve the issue and consider the merits of [her] argument for the first time on appeal if the ends of justice so demand. Nonetheless, our Rule 5A:18 jurisprudence confirms that "[t]he ends of justice exception . . . is narrow and is to be used sparingly."

Brittle v. Commonwealth, 54 Va. App. 505, 512 (2009) (quoting Pearce v. Commonwealth, 53 Va. App. 113, 123 (2008)). "This Court considers two questions when deciding whether to apply the ends of justice exception: (1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." Williams v. Commonwealth, 294 Va. 25, 27-28 (2017) (quoting Commonwealth v. Bass, 292 Va. 19, 27 (2016)). The appellant has the burden to demonstrate that a manifest injustice has occurred. Brittle, 54 Va. App. at 514.

---

[3] Lucas argues that applying Rule 5A:18 in this case "would lead to absurd practical results," in that a defendant would have to "immediately reiterate its entire [mitigation] argument" after sentencing and ask the trial court to "actually make statements on the record as to the mitigation it was just presented with." She contends that a defendant would have to make a mitigation argument "multiple times in a row," which would "double the length" of a probation violation hearing. We find this argument unpersuasive. To properly preserve her argument, Lucas was not required to "reiterate" her mitigation argument after sentencing. She was, however, required to alert the trial court to the alleged error—that the trial court failed to state on the record that it had considered her mitigating evidence. Far from producing an "absurd result," this would have been a simple solution to a narrow issue, and the trial court could easily have corrected the error, thereby "avoiding unnecessary appeals." See Robinson, 13 Va. App. at 576.

If a "sentence is not excessive on its face," id. at 520, then there is "no reason to invoke the 'ends of justice' exception," id. (quoting Jefferson v. Commonwealth, 33 Va. App. 230, 239 (2000), aff'd en banc, 35 Va. App. 436 (2001)); see also Williams, 294 Va. at 28 (holding that there was no grave injustice in requiring the appellant to serve a five-year prison sentence "for a crime he committed and to which he pled guilty while he was sane and competent"). In Brittle, the appellant was sentenced to five years with three years suspended for petit larceny third offense, "a Class 6 felony punishable by 'a term of imprisonment of not less than one year nor more than five years.'" Brittle, 54 Va. App. at 520 (quoting Code § 18.2-10). The sentence, therefore, was within the range prescribed by statute and was "not excessive on its face," so the Court declined to invoke the ends of justice exception. Id.

When a trial court suspends the execution of sentence, "the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Furthermore, "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of the suspension," then "the court *shall* revoke the suspension and the original sentence shall be in full force and effect." Code § 19.2-306(C)[4] (emphasis added). "The court *may* again suspend all or any part of this sentence" and place the defendant on probation. Id. (emphasis added).

Here, the trial court had suspended the execution of Lucas's sentence, and Lucas admitted that she violated the terms of her probation. Therefore, the court was required to revoke the suspension of her sentence, thereby reimposing her original sentence. See id. The court was permitted, but not required, to suspend it again. Because the court was statutorily

---

[4] This case was heard and decided by the trial court prior to the July 1, 2021 amendment to Code § 19.2-306(C) that replaced the words "shall revoke the suspension" with "may revoke the suspension."

required to revoke the suspension of Lucas's sentence upon finding she was in violation of probation, the reimposition of the balance of her original sentence is not "excessive on its face," and we will therefore not invoke the ends of justice exception. See Brittle, 54 Va. App. at 520.

Finally, Lucas's argument is based on a faulty premise. The final order entered by the trial court states:

> THEREUPON the Defendant was given an opportunity to show cause why the suspended sentence should not be revoked, and the Defendant admitted the violation and the [c]ourt considered the information provided, and argument was heard by the Attorney for the Commonwealth and Attorney for the Defendant on the same.

"It is well established in this Commonwealth that a circuit court speaks only through its written orders." Roe v. Commonwealth, 271 Va. 453, 457 (2006). Thus, contrary to Lucas's argument, the record does establish that the trial court received and considered the mitigating evidence she offered.

C. The Commonwealth Was Not Barred from Changing Its Position on Appeal

Finally, Lucas argues that the Commonwealth is barred from arguing that the trial court committed no error. When Lucas filed a petition for appeal to this Court, the Commonwealth's attorney filed a brief in support, stating that the trial court erred in being "silent regarding mitigation." But the Attorney General now takes the position that the trial court did not err because the court was not required to state explicitly that it had considered mitigating evidence. Lucas argues that this change of position is tantamount to approbating and reprobating. We disagree; the Commonwealth was permitted to change its position, and its doing so was not approbating and reprobating.

> It is apparent that the Commonwealth has assumed inconsistent positions. The Commonwealth's Attorney, the only official legal representative of the Commonwealth in the trial court, acquiesced in the procedure that the Attorney General now attacks. Nevertheless, the Commonwealth may not be estopped from repudiating the earlier position erroneously taken by the

> Commonwealth's Attorney, nor may the Department be estopped
> from changing its position.

In re Commonwealth, Dept. of Corrections, 222 Va. 454, 465 (1981).  The Attorney General is

therefore not barred from arguing that the trial court committed no error.

### III.  CONCLUSION

For the reasons above, we affirm the trial court's decision to revoke the suspension of

Lucas's sentence and not re-suspend any of that sentence.

<u>Affirmed.</u>