UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and White
Argued at Norfolk, Virginia

ROQUAN ROGERS

                                       MEMORANDUM OPINION[*] BY
v.       Record No. 1242-21-1         JUDGE MARY GRACE O'BRIEN
                                         DECEMBER 13, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
W. Revell Lewis, III, Judge

Curtis T. Brown (Law Office of Curtis T. Brown, on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

A jury convicted Roquan Rogers (appellant) of conspiracy to commit capital murder for

hire, conspiracy to commit capital murder by a prisoner, and conspiracy to obstruct justice.[1]

Appellant asserts that the court erred by denying his motion for a mistrial after a law enforcement

officer testified about his pending charge for conspiracy to distribute cocaine in an unrelated case.

For the following reasons, we affirm the court's judgment.

BACKGROUND

On appeal, we state the facts "in the light most favorable to the Commonwealth, the

prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The jury could not reach a unanimous verdict on one count of obstruction of justice, two
counts of malicious wounding, one count of attempted first-degree murder, one count of
attempted first-degree murder for hire, one count of attempted first-degree murder by a prisoner,
and three counts of use of a firearm in a felony. The court declared a mistrial with respect to
those charges.

*v. Commonwealth*, 295 Va. 469, 472 (2018)). In so doing, we discard any of the appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Nathanial Johnson, the victim, worked as a confidential informant for the Eastern Shore Drug Task Force. As an informant, Johnson participated in controlled drug purchases, including purchases from appellant's brother, Akeem Rogers, and Evron Strand. Johnson testified at Akeem Rogers's trial and revealed his status as an informant. Johnson was also prepared to testify against Evron Strand.

On October 31, 2017, Johnson and his girlfriend were shot while walking to Johnson's grandmother's house. At trial, they both identified appellant as the shooter. Johnson testified that he recognized appellant from his hairstyle, his "distinctive" "mouth structure," his "[b]ody structure," and how he walked. Johnson's girlfriend testified that she had known appellant for "a couple of years" before the shooting.

The evidence showed that Evron Strand, who was incarcerated, used his girlfriend, Cynthia Harmon, to arrange "to have [Johnson] killed" for "snitch[ing]" on him. Strand gave Harmon appellant's phone number, and she contacted him at Strand's behest to arrange a meeting. Harmon testified that Strand was offering "stacks," or thousands of dollars, in exchange for Johnson's murder. The day before the shooting, Harmon connected Strand to appellant via a three-way call. During the call, appellant assured Strand, "I can get that dude definitely for you asap." Strand told appellant he had three others "on standby" and needed "it[] done" by the next day. Appellant contacted Harmon after the shooting and sought payment.

Agent Steve Lewis of the Eastern Shore Drug Task Force testified at appellant's trial. Agent Lewis testified that he was familiar with appellant through "many professional

encounters." The prosecutor asked Agent Lewis about his investigation into appellant's brother, Akeem Rogers. The following testimony ensued:

> Q: Did you participate in any investigations concerning Akeem Rogers?
>
> A: Yes, sir. Over the years—I've been on the task force for twelve years.
>
> Q: Without going into Mr. Rogers' –
>
> A: On several instances I've dealt with Akeem Rogers. Yes.
>
> Q: Most recently being?
>
> A: Most recently is two drug purchases in 2017 which led to a search warrant at his residence . . .
>
> Q: And prior to—had that gone to trial?
>
> A: One of the undercover buys has gone to trial. Akeem Rogers was found guilty. There is another one that's still pending sentencing; and the results of the search warrant just came back with DNA testing and fingerprints; and [appellant], Akeem, and the other brother, Rovante, have all been charged with conspiracy to commit—excuse me—conspiracy to distribute cocaine.

Appellant immediately moved for a mistrial, arguing that the prosecutor "led" Agent Lewis to testify about appellant's pending charge and that Agent Lewis's remark was too prejudicial to be cured by an instruction. The court took the motion under advisement and deferred ruling until the close of the Commonwealth's case. The court directed the court reporter to read Agent Lewis's testimony back to the jury, struck the testimony from the record, and instructed the jury not to consider it.

At the close of the Commonwealth's case, the court denied appellant's motion for a mistrial, reasoning that Agent Lewis's isolated remark, when viewed against the substantial evidence of appellant's guilt, was not so prejudicial as to influence the verdict.

The jury convicted appellant of conspiracy to commit capital murder for hire, conspiracy to commit capital murder by a prisoner, and conspiracy to obstruct justice. This appeal followed.

ANALYSIS

This Court reviews the trial court's denial of a motion for a mistrial for an abuse of discretion. *Fowlkes v. Commonwealth*, 52 Va. App. 241, 248, 255 (2008). We will not reverse absent "a manifest probability as a matter of law that the improper evidence prejudiced the accused." *Id.* at 248 (quoting *Mills v. Commonwealth*, 24 Va. App. 415, 420 (1997)). Additionally, when "the trial court has issued a cautionary instruction to the jury to disregard the evidence, we will not reverse . . . unless we find that 'such illegal evidence was so impressive that it probably remained on the minds of the jury and influenced their verdict.'" *Id.* (quoting *Bennett v. Commonwealth*, 29 Va. App. 261, 274 (1999)). Juries "are presumed to follow" a court's cautionary instructions. *Bennett*, 29 Va. App. at 274.

"Whether a manifest probability exists that . . . improper evidence prejudiced the accused despite [a court's] cautionary instruction depends upon the nature of the incompetent evidence when considered in relation to the nature of the charges, the other evidence in the case, and [the] manner in which the prejudicial evidence was presented." *Fowlkes*, 52 Va. App. at 249 (alterations in original) (quoting *Mills*, 24 Va. App. at 420-21). "The number of references to an error is also relevant to our consideration of . . . prejudice." *Bennett*, 29 Va. App. at 275.

Appellant asserts that the court erred by denying his motion for a mistrial because Agent Lewis's testimony about appellant's pending drug charge "stayed on the minds of the jury and influenced [its] verdict," and could not be cured with a cautionary instruction. He relies on *Lewis v. Commonwealth*, 269 Va. 209 (2005), and *Robinson v. Commonwealth*, 13 Va. App. 574 (1992); however, these cases are distinguishable from the case at bar.

- 4 -

In *Lewis* and *Robinson*, the trial court erred by denying a mistrial because the prosecutor *repeatedly* asked improper questions. *Lewis*, 269 Va. at 215 ("Lewis' right to a fair trial was prejudiced by the prosecutor's repeated and unfounded implication that Lewis was engaged in illegal activity for which he was not on trial."); *Robinson*, 13 Va. App. at 578-79 ("These questions solicited irrelevant and highly prejudicial matters. . . . [T]he only conceivable purpose of the questions by the Commonwealth's attorney was to inflame the passions of the jury against the accused and his witness."). Here, however, Agent Lewis's testimony about appellant's pending charges was an "isolated incident." *Robinson*, 13 Va. App. at 579. The jury was promptly instructed to disregard the testimony, and appellant's pending charge was not referred to again. Moreover, "[n]othing in the record suggests that the prosecutor anticipated the response or encouraged the witness to interject this improper comment." *Id.* at 577. In fact, the prosecutor's questions attempted to solicit testimony about Agent Lewis's investigation into appellant's brother, not appellant.

Not only are the cases cited by appellant distinguishable, but substantial evidence supports appellant's conviction. Two eyewitnesses identified Johnson as the shooter, appellant agreed to kill Johnson on a recorded jail call, and text messages showed that appellant sought payment for the shooting. As the court found, the Commonwealth's evidence—presented over the course of a multi-day trial—weighed against Agent Lewis's short remark, "militates against a finding of prejudice." *Bennett*, 29 Va. App. at 276.

Thus, the court did not abuse its discretion by refusing to grant a mistrial. The court correctly concluded that, in the context of the Commonwealth's entire case, Agent Lewis's isolated statement about appellant's pending drug charge was not so prejudicial that it could not be cured by an instruction to the jury.

## CONCLUSION

For the reasons stated, the court's judgment is affirmed.

*Affirmed.*